**Mary LUTER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 83–495.**

Supreme Court of Iowa.

Feb. 15, 1984.

Philip B. Mears of Mears, Zimmermann & Mears, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

CARTER, Justice.

Petitioner, Mary Luter (petitioner), has appealed from the ruling of the district court in a postconviction proceeding wherein she contends that the original sentencing judge was without authority to impose a mandatory minimum sentence for the offense for which she was convicted and, in the alternative, that, if a mandatory minimum sentence is prescribed by law, prison authorities erred in computing the length of such minimum sentence. We find both claims to be without merit and affirm the district court.

Upon plea of guilty entered on January 26, 1981, petitioner was convicted in the district court of the offense of possession of a controlled substance with intent to deliver in violation of Iowa Code section 204.401(1)(a) (1979). On March 13, 1981, she was sentenced to a prison term of not to exceed ten years. As part of that sentence the sentencing judge provided that she must serve a mandatory minimum sentence of one-third of that term subject to reduction of that minimum sentence as provided in Iowa Code sections 246.38, 246.39, and 246.43 (1979) as a result of good and honor time.

I. *Statutory Authority to Impose Mandatory Minimum Sentence.*

The State relies on Iowa Code section 204.413 (1979) as providing the statutory basis for imposing the mandatory minimum sentence which petitioner received following her conviction. That statute provides:

A person sentenced pursuant to section 204.401, subsection 1, paragraph "a" or "b" shall not be eligible for parole until he or she has served a minimum period of confinement of one-third of the

maximum indeterminant sentence prescribed by law.

This section shall not apply if:

1. The offense is found to be an accommodation pursuant to section 204.410; or

2. The controlled substance is marijuana.

Petitioner does not dispute the facial applicability of section 204.413 to her sentencing. She argues that that statute was repealed by implication prior to the time of her sentencing. Her claim requires a review of a sequence of legislative enactments.

In 1977, as part of a comprehensive sentencing scheme, the legislature enacted both section 204.413 and section 907.3 of Iowa Code (1979). The former statute limits the power of the parole board to grant a parole to persons convicted of certain offenses including the controlled substance offense of which petitioner was convicted. The latter statute originally provided that upon conviction of certain offenses, including the controlled substance offense for which petitioner was convicted, the court could not grant a suspended sentence or deferred judgment. In 1980 as part of 1980 Iowa Acts chapter 1036, section 32, the legislature repealed that portion of section 907.3 which proscribed the granting of a suspended sentence or deferred judgment with respect to the offense for which petitioner was convicted.

Section 204.413 has not been repealed nor has it been amended since the time of its enactment. Petitioner's argument that it has been repealed by implication is premised on the contention that there cannot continue to be a mandatory minimum prison sentence when there is no longer a mandatory prison sentence.

Our cases have consistently held that there is a presumption against repeal of statutes by implication. Such repeals are not favored by the courts and will not be sustained unless legislative intent to repeal is clear in the language used and such a holding is absolutely necessary. *State v. Rauhauser*, 272 N.W.2d 432, 434 (Iowa

1978); *Peters v. Iowa Employment Security Commission*, 235 N.W.2d 306, 309 (Iowa 1975). Tested by the foregoing standards we believe petitioner's arguments for an implied repeal of section 204.413 must fail. There is no apparent inconsistency between maintaining section 204.413 in force and the repeal of those portions of section 907.3 which prohibited the granting of a suspended sentence or deferred judgment for the offense of which petitioner was convicted.

The repealed provisions of section 907.3 were a limitation on the sentencing discretion of the court. Section 204.413, although sometimes said to impose a mandatory minimum sentence, is not really a sentencing statute at all. It is a limitation of the discretion of the Board of Parole. We find no incompatability in a legislative decision to remove the limitation which had been placed on judicial sentencing discretion while at the same time leaving in place the limitations imposed on the discretion of the Board of Parole. The district court was correct in declining to find an implied repeal of section 204.413.

II. *Time Which Petitioner Must Serve Before Being Eligible For Parole.*

■ Petitioner's other claim on appeal is that the period of time which she is required to serve before being eligible for parole has been improperly computed by prison authorities. She urges that there are two possible methods of computing this period. These are:

(1) The difference between one-third of the maximum sentence and the good and honor time which would be earned for a period equal to one-third of the maximum sentence; or

(2) one-third of the difference between the maximum sentence and the good and honor time which would be earned for a period equal to the maximum sentence.

Prison authorities had employed the first method with respect to the appellant's sentence. A computation carried out in accordance with the second method would result in petitioner attaining parole eligibili-

ty approximately six months sooner than under the first method.

Petitioner urges that the statutory provisions for reduction of minimum sentences based on good and honor time is remedial legislation and should be liberally interpreted in favor of the shorter minimum sentence. We recently observed in a different context that the rule of construction favoring liberal interpretation of remedial legislation must yield to the clear language of the statute. *LeFebure Corporation v. Iowa Department of Job Service*, 341 N.W.2d 768, 770 (Iowa 1983). We conclude that if the statutes involved in the present case are reviewed on this basis petitioner's argument must fail.

The limitation of petitioner's eligibility for parole is fixed by section 204.413 as "a minimum period of confinement of one-third of the maximum indeterminant sentence prescribed by law." Iowa Code section 246.43 which relates to the earning of good and honor time provides:

> Any provision to the contrary notwithstanding, a person serving a mandatory minimum sentence pursuant to section ... 204.413 ... shall be eligible for a

special reduction of the minimum sentence under this section.

Similar language is found in section 246.39. Our reading of these statutes suggests that in petitioner's case the "minimum sentence" which is subject to the special reduction available under sections 246.39 and 246.43 is one-third of the maximum indeterminate sentence. The extent of the special reductions is equal to the good and honor time which is earned by incarceration for that period of time. As the district court concluded, the first of the two methods under consideration tracks with the statutory scheme.

We have considered all issues presented and find that the district court's judgment should be affirmed.

AFFIRMED.