**STATE of Iowa, Appellee,**

v.

**James Leroy WASHINGTON, Appellant.**

No. 83–874.

Supreme Court of Iowa.

Sept. 19, 1984.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo and Patrick Grady, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and Phillip L. Krejci, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Defendant James Leroy Washington appeals from his conviction for theft in the second degree in violation of Iowa Code sections 714.1(4) and 714.2(2) (1983). He also appeals his enhanced sentence as an habitual offender under Iowa Code sections 902.8 and 902.9(2). We affirm defendant's conviction, vacate the sentence, and remand the case for resentencing.

On this appeal, defendant contends: (1) the trial court erred by admitting into the record testimony and exhibits for the State that were beyond the scope of the minutes of evidence; (2) the trial court submitted an improper instruction to the jury; (3) the trial court erred in denying defendant's motion to strike evidence from the record regarding alleged stolen property that was not in his possession at the time of his arrest; and (4) that he must be resentenced because the trial court erred in ruling that an habitual offender sentence without possibility of probation was mandatory and, therefore, failed to state on the record sufficient reasons for sentencing him to an indeterminate fifteen-year term of confinement.

On December 30, 1982, defendant was stopped in his pickup truck by police in Grundy County for a headlight violation. The officers noticed several pieces of furniture and other items in the back of the truck. On January 2, 1983, the sheriff of Grundy County received a report of a burglary involving items similar to those seen in defendant's truck. A search warrant for defendant's residence in Marshalltown was

obtained, and on January 5 it was executed. Although no property was seized, the officers conducting the search saw items that they believed were similar to those reported stolen.

Marshall County officials then obtained copies of recent burglary reports from Poweshiek and other nearby counties and concluded that some of the items seen at defendant's residence were similar to items reported stolen in those reports. Search warrants were issued to obtain those items from defendant's residence. Marshalltown police then interviewed two Marshalltown antique dealers to find out if they had ever purchased any furniture from defendant. They said that they had purchased several items from him during the past year, and turned several of the items over to the police. Victims of several of the burglaries in the counties surrounding Marshall County identified a number of the items obtained from the antique dealers and from defendant's residence as their property.

Defendant was charged by trial information with first-degree theft and convicted by a jury of theft in the second degree in violation of Iowa Code section 714.1(4) (exercising control over stolen property). Because theft in the second degree is a class "D" felony, section 714.2(2), and defendant was found by the jury to have been convicted of two other felonies in 1963, he was sentenced as an habitual offender pursuant to Iowa Code sections 902.8 and 902.9(2).

I. *Minutes of evidence.* Defendant first contends that the court erred by admitting into the record testimony and exhibits that were beyond the scope of the minutes of evidence filed with the trial information. *See* Iowa R.Crim.P. 5(3); *State v. Walker,* 281 N.W.2d 612, 614 (Iowa 1979). In *State v. Ellis,* 350 N.W.2d 178, 181 (Iowa 1984), we recently discussed the principles that apply to the contention defendant makes.

Marshalltown police officer Roy Reed, on direct examination, was shown by the State a series of thirty-six photographs (State's Exhibits 1 through 36) depicting various items of property. Officer Reed identified the property in the photographs as property alleged to have been stolen and later seized from defendant's residence or sold by him to others. After all thirty-six photographs had been identified by Officer Reed, defendant moved to strike the photographs and the testimony regarding them on the basis that several of the items shown in the photographs were not listed in the minutes of evidence.

The State conceded that Exhibits 20 through 26, in addition to Exhibit 36, depicted items of property (a total of four) not listed in the minutes of evidence. The State explained that those items had only recently been identified as stolen property by two witnesses who had previously been out of the state. The court denied defendant's motion to strike, giving as its reasons (1) the disputed evidence was not beyond the scope of the minutes of testimony, and (2) the objection to its introduction was not timely. We agree with the second reason, and so have no occasion to consider the first.

In order to properly preserve error in the trial court as to the introduction of evidence, objections to evidence must be made at the earliest time after the grounds for objection become apparent. *State v. Reese,* 259 N.W.2d 771, 775 (Iowa 1977). If the objection to a question is late and follows the answer, then a motion to strike, coupled with an application to have the objection precede the answer or an excuse for tardiness, must be made. *State v. Jones,* 271 N.W.2d 761, 767 (Iowa 1978).

Here, defendant's objection to the disputed evidence was not made at the earliest time after the grounds for objection became apparent, which was when the State presented its Exhibit 20. From that time until the defendant made his motion to strike, the State showed Officer Reed sixteen more photographs of alleged stolen property and asked him several questions concerning them without objection from defendant. Defendant's subsequent motion to strike contained no application to have his objection precede Officer Reed's an-

swer, nor did it offer any excuse for tardiness. Therefore, no error was preserved regarding the introduction of the photographs into evidence or Officer Reed's testimony about them.

II. *Jury instruction.* Defendant's next contention is that the court erred in submitting its instruction 14A to the jury. Instruction 14A, which was based on Iowa Code section 714.3, stated:

### DEFINITION—SINGLE THEFT

The law provides that: "If money or property is stolen by a series of acts from the same person or location, or from different persons by a series of acts which occur in approximately the same location or time period so that the thefts are attributable to a single scheme, plan, or conspiracy, such acts may be considered a single theft and the value may be the total value of all the property stolen."

Defendant objected to this instruction, contending that it would cause the jury to consider whether he was guilty of stealing or theft by taking of the property. Defendant was not charged with theft by taking of the property, section 714.1(1), but rather with theft by exercising control over stolen property, section 714.1(4), and he contends that permitting the jury to consider whether he actually stole property was improper.

This contention ignores the relationship between the act of stealing property and the act of exercising control over stolen property. Under Iowa Code section 714.1 the former act necessarily encompasses the latter, because one who steals property must exercise control over it and must know that it is stolen. 4 J. Yeager & R. Carlson, Iowa Practice § 316 at 82 (1979). It was not improper for the jury to consider whether defendant had actually stolen property, because an affirmative finding on that issue would have led to a verdict that defendant was guilty of the offense with which he was charged (theft by exercising control over stolen property,

section 714.1(4)). The State produced evidence sufficient to submit to the jury the issue of whether defendant had stolen property, and so the jury's consideration of the issue was not error.

III. *Property to be considered.* Defendant next asserts that the court erred in denying his motion to strike from the trial record certain of the State's photographic exhibits (see division I) that depicted property not in his possession at the time of his arrest on January 5, 1983.

A. As a result, defendant maintains, the jury was allowed to find him guilty of exercising control over stolen property that was not in his possession at the time of his arrest, a result which he contends is contrary to *State v. Post,* 286 N.W.2d 195 (Iowa 1979). Defendant relies on the following language:

At the time of arrest, a person charged under [Iowa Code section] 714.1(4) is exercising control over all that property which is in his or her possession, and the total value of that property should be used to determine the degree of guilt [under section 714.2].

*State v. Post,* 286 N.W.2d at 202.

The above sentence, taken in context, does not support defendant's contention that he cannot be found guilty of exercising control over stolen property not in his possession at the time of his arrest. In *Post,* the State offered no evidence regarding any property not in the defendant's possession at the time of his arrest. The matter at issue was the defendant's contention that in order to permit the jury to aggregate the value of the property found in his possession at the time of his arrest (in order to determine the degree of the offense under section 714.2), the State was required by section 714.3 to show that his theft was by a series of acts attributable to a single scheme, plan, or conspiracy. We rejected that contention in the language quoted above, holding that when a violation of section 714.1(4) is charged, the section 714.3 "series of acts" requirement does not apply with regard to the aggregation of the value of property found in the possession

of a defendant at the time of his arrest. *State v. Post*, 286 N.W.2d at 202. We did not address in *Post* any issue relating to property not in a defendant's possession at the time of arrest, and so defendant's position on this appeal finds no support therein.

■ Stripped of any support in *Post*, defendant's contention cannot stand. It amounts to an assertion that one who exercises control over stolen property cannot be convicted of the offense if he disposes of the property before arrest. We find no support in the Code or in our cases for such a contention and so reject it.

B. Defendant offers, as an additional argument for striking evidence pertaining to items not in his control on January 5, 1983, the fact that the trial information specifically charged him with theft (possession of stolen property) on or about January 5. Defendant contends that because the trial information was so specific as to the date of the alleged offense, he cannot be convicted of that offense if he committed it at some substantially earlier date. Because the evidence defendant seeks to strike tended to show him guilty of thefts committed over a period of time stretching back to February 1982, defendant maintains it is inadmissible.

■ We find this argument to be without merit. Defendant is not immune to conviction for thefts committed in 1982 simply because the trial information charged him with committing theft "on or about" January 5, 1983. In *State v. Bell*, 223 N.W.2d 181, 184 (Iowa 1974), we said:

... in this case there was no necessity for any date to be specified. Section 773.9[1], The Code [1971]. The date or dates fixed in the indictment for the commission of a crime are not material, and a conviction can be returned upon any date within the limitations statute, if there is no fatal variance between the indictment allegations and the proof offered.

■ The statute cited in the language quoted above is no longer in force, but the applicable present law similarly provides that in this case the State was not required to specify the time of the alleged offense. *See* Iowa R.Crim.P. 4(7)(c) and 5(5) (1983). The time of the alleged offense is no more material here than it was in *Bell*, and so we conclude that the defendant in this case is similarly liable to be convicted for any commission or commissions of the offense charged that fall within the statute of limitations. There is no fatal variance between a trial information charging defendant with possession of stolen property "on or about" January 5, 1983, and evidence tending to show his possession of stolen property on that date and on earlier dates as well. Defendant could properly have been convicted in this case for theft he committed in February 1982, and so admission of evidence tending to show commission of theft by him at that time and various times thereafter was permissible.

■ The denial of defendant's motion to strike from jury consideration evidence pertaining to stolen items not in his possession at the time of his arrest was not error.

IV. *The sentence imposed.* Defendant finally contends that he should be resentenced because the reasons given by the trial court for the imposition of his sentence were insufficient. We agree, vacate the sentence, and remand for resentencing.

■ The trial court must state on the record its reason for imposing a particular sentence. Iowa R.Crim.P. 22(3)(d); *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980). A statement of a reason or reasons is necessary to allow the reviewing court to determine whether the sentence imposed constitutes an abuse of the sentencing court's discretion. *See State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979).

In this case, after finding defendant guilty of theft in the second degree, the jury further determined that he was an habitual offender, having been convicted of breaking and entering on April 2, 1963, in Marshall County, and having been convicted of escape on July 30, 1963, in Lee County. In sentencing defendant to a term of confinement not to exceed fifteen years, the trial court stated:

Mr. Washington, I have no discretion in this particular case. The jury found you guilty of a theft in the second degree, which is a class "D" felony, and the jury also found that you were an habitual offender. And under Code Sections 902.8 and 902.9 ... it will be the judgment and sentence of the Court that you be committed to the custody of the Director of the Division of Adult Corrections of the State of Iowa for not to exceed fifteen years.... The statute provides that a person found to be an habitual offender must serve at least three years of the sentence imposed. So suspended sentence and probation is not available; and so, therefore, it cannot and will not be granted.

The trial court's stated reason for sentencing defendant as it did was that there was no other sentencing option, including suspended sentence and probation, available for consideration. We conclude this was incorrect.

 Under Iowa Code section 907.3, a suspended sentence may be imposed except in the case of a forcible felony. Defendant was convicted of theft in the second degree and found to be an habitual offender. Neither theft in the second degree nor habitual offender status is defined as a forcible felony under Iowa Code section 702.11. A suspended sentence and probation could, therefore, have been imposed in this case.

The State maintains that Iowa Code section 902.8 precludes imposition of a suspended sentence in this case by stating: "A person sentenced as an habitual offender shall not be eligible for parole until he or she has served the minimum sentence of confinement of three years." However, a legislative restriction on eligibility for parole does not in itself preclude imposition of a suspended sentence. Parole, as defined in Iowa Code section 906.1, is the release of a person already committed to custody. Statutory language restricting eligibility for parole is relevant only if the court elects to commit an offender for a period of incarceration, and does not affect its discretion to impose

another sentence. *See Luter v. State*, 343 N.W.2d 490, 492 (Iowa 1984); *State v. Morehouse*, 316 N.W.2d 884, 886 (Iowa 1982).

When a sentence is not mandatory under the Iowa Criminal Code, a trial court must exercise discretion in imposing a sentence. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). In this case, the trial court failed to exercise discretion because it erroneously believed it had none. The court's failure to exercise the discretion granted it by the law requires that the case be remanded for resentencing. *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977). We do not, of course, express any opinion as to what the sentence upon remand should be or how the sentencing court's discretion should be exercised.

The conviction is affirmed. The sentence is vacated and the case is remanded for resentencing.

AFFIRMED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.