# IN THE COURT OF APPEALS OF IOWA

No. 15-0597
Filed January 13, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SPENCER RAY FITZPATRICK,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Defendant appeals his conviction and sentence for possession of a controlled substance with intent to deliver as a habitual offender. **AFFIRMED.**

Angela L. Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Darrel Mullins, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Spencer Fitzpatrick pleaded guilty to possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(6) (2013), and was sentenced as a habitual offender for an indeterminate term of incarceration not to exceed fifteen years pursuant to Iowa Code section 902.8. Pursuant to Iowa Code section 124.413, the defendant was required to serve one third of that sentence, or five years, prior to becoming eligible for parole. Fitzpatrick timely filed this direct appeal.

We first address Fitzpatrick's challenge to his sentence. In *State v. Draper*, 457 N.W.2d 600 (Iowa 1990), the supreme court resolved the interplay between the one-third mandatory-minimum sentencing provision set forth in the Controlled Substances Act at section 124.413 and the three-year mandatory minimum sentencing provision set forth in the habitual offender sentencing enhancement at section 902.8 when both sections were implicated in imposing sentence. The *Draper* court concluded the one-third mandatory minimum, rather than the three-year mandatory minimum, applied to the fifteen-year sentence set forth in section 902.8. *See* 457 N.W.2d at 605 ("Because section 902.9 and, through it, section 902.8, defers to sentences prescribed by other statutes, the court of appeals correctly applied the mandatory minimum sentence provision of section 204.413 to the exclusion of the last sentence of section 902.8."). Fitzpatrick requests we overrule *Draper* and hold he is subject only to the three-year mandatory minimum in section 902.8 and not the one-third mandatory minimum in section 124.413. "We are not at liberty to overrule controlling

supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Fitzpatrick's argument thus fails.

Fitzpatrick next contends his plea counsel was ineffective in failing to file a motion in arrest of judgment to challenge Fitzpatrick's guilty plea. Specifically, Fitzpatrick contends his guilty plea was unknowing and involuntary because he was not advised of the correct mandatory minimum sentence. To establish his claim of ineffective assistance of counsel, the defendant must show that his trial counsel failed to perform an essential duty and that this failure resulted in prejudice. *See State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001). Where a defendant has pleaded guilty, the defendant must show that but for counsel's breach of duty he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Iowa Rule of Criminal Procedure 2.8(2)(b) provides the district court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently." Rule 2.8(2)(b) sets forth certain advisories that must be provided to a defendant to ensure any guilty plea is made voluntarily and intelligently. Rule 2.8(2)(b)(2) provides the "court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Substantial—not strict—compliance with the rule is required. *Kress*, 636 N.W.2d at 21.

The parties disagree whether the defendant was advised in substantial compliance with the rule. During the defendant's plea colloquy, the prosecutor identified the minimum sentence as follows:

> Mr. Fitzpatrick, the maximum sentence on a class C felony would be incarceration for a ten-year indeterminate term. There's a mandatory one-third of that sentence that you'd have to serve if you were sent to prison.
>     With the habitual offender enhancement, it increases that up to 15 years with a mandatory three years, so you'd have—if you were sent to prison—you'd have to do a three-year term.

The State contends it is ambiguous whether the prosecutor's statement is a correct statement of the applicable mandatory minimum. We disagree. The finale of the Sopranos was ambiguous; the prosecutor's statement here, not so much. The prosecutor's statement of the applicable mandatory minimum is simply incorrect. *See Draper*, 457 N.W.2d at 605. Neither the district court nor the defendant's counsel corrected the prosecutor's statement. Advising the defendant of the incorrect mandatory minimum does not substantially comply with the rule. *See Kress*, 636 N.W.2d at 21.

Relying on *Kress*, the defendant contends the failure to advise him of the correct mandatory minimum requires his conviction be reversed and he be allowed to plead anew. In *Kress*, the court concluded plea counsel's failure to correct the incorrect advisory or file a motion in arrest of judgment was a breach of an essential duty. *See id.* at 22. ("Such failure does not involve trial tactics, strategies, or other judgment calls that we do not ordinarily second-guess. Rather, it concerns counsel's legal misadvice resulting from his unfamiliarity with and failure to research applicable statutory provisions that would make clear the

one-third mandatory minimum sentence applied."). The *Kress* court summarily concluded prejudice resulted and that the "[f]ailure to substantially comply with rule 8(2)(b) renders the plea involuntary. In such circumstances, the remedy is to set aside the conviction and sentence and allow the defendant to plead anew." *Id.* at 21 (citations omitted).

The defendant's reliance on *Kress* is misplaced. In *State v. Straw*, the court criticized the *Kress* court's apparent per se approach, calling it an aberration:

> The brevity of our analysis of the prejudice element in *Kress* has led some to characterize our holding as a *per se rule* of prejudice when the district court fails to tell the defendant the maximum sentence on an ineffective-assistance-of-counsel claim. We reject this characterization because *Kress* was an aberration which failed to consider the analysis set forth in *Hill*. We also refuse to adopt a per se rule of prejudice because such a rule would force us to accept conclusory claims of prejudice without the benefit of a true review of the circumstances surrounding the plea. Under the "reasonable probability" test, the *defendant*, who has already admitted to committing the crime, *has the burden* to prove he or she would not have pled guilty if the judge had personally addressed the maximum punishment for his or her crimes. On the other hand, if we adopted a per se rule, some defendants would grin like a Cheshire cat as we gave them a second bite at the apple—even though they committed the crime and actually knew the maximum length of punishment for the crime. Such a rule would undermine the court's integrity and erode the public's confidence in its criminal justice system. Though, on its face, it may appear easier to reverse the conviction and let Straw plead anew, the driving force behind our decision is the common-sense notion that a conviction will not be reversed unless the judicial misstep complained of prejudiced the defendant.
> Our standard for the prejudice element in ineffective-assistance-of-counsel claims remains consistent—in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.

Under the "reasonable probability" standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us. Unlike our decision in *Meier*, there is nothing in this record to indicate whether or not Straw's trial counsel told him about the possibility of consecutive sentences. Such evidence could be a significant part of our prejudice analysis. This case exemplifies why claims of ineffective assistance of counsel should normally be raised through an application for postconviction relief. In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing.

709 N.W.2d 128, 137-38 (Iowa 2006).

We conclude *Straw* is the controlling authority. As in *Straw*, we conclude the record here is inadequate to resolve the prejudice component of the defendant's claim. Accordingly, we preserve Fitzpatrick's ineffective-assistance-of-counsel claim for postconviction-relief proceedings.

**AFFIRMED.**