# IN THE COURT OF APPEALS OF IOWA

No. 18-2224
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LEONARD D. BOYD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows (guilty plea) and Mark J. Smith (sentencing), Judges.

Leonard Boyd appeals his conviction after pleading guilty to assault causing bodily injury. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

On appeal after pleading guilty to assault causing bodily injury, Leonard Boyd raises several claims of ineffective assistance of counsel.[1]  We review these claims de novo.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).  Boyd must show both that his counsel breached a duty and prejudice resulted or his claims fail.  *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

First, Boyd claims his counsel was ineffective by failing to "fully and effectively investigate the facts" and "interview key witnesses."  But Boyd does not explain what information an investigation would have unearthed or how that information would have changed his decision to plead guilty.  Because the record is inadequate to resolve this claim on direct appeal, we must preserve it for a postconviction-relief proceeding.  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating that if a defendant wishes to have an ineffective-assistance claim resolved on direct appeal but the record is inadequate, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

Boyd also claims his counsel was ineffective in failing to file a motion in arrest of judgment to challenge his plea, arguing his plea was involuntarily.  *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).  It also decided that amendments to Iowa Code section 814.7, which prohibit consideration of ineffective-assistance-of-counsel claims on direct appeal, also do not apply to those cases pending on July 1, 2019. *See id.*

guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011) (recognizing that the failure to move in arrest of judgment does not preclude a challenge to a guilty plea on direct appeal if the failure resulted from ineffective assistance of counsel). The court must follow Iowa Rule of Criminal Procedure 2.8(2)(b) to ensure a plea is voluntary. *See State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001) ("Failure to substantially comply with rule 8(2)(b) renders the plea involuntary."). If the court failed to meet these requirements, Boyd's counsel breached a duty by remaining silent and allowing Boyd to plead guilty. *See State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006).

Boyd alleges the involuntary nature of his plea by claiming the court failed to inform him of the "maximum possible punishment" he faced for pleading guilty. Iowa R. Crim. P. 2.8(2)(b)(2). Boyd's written plea set out the relevant fines, costs, and surcharges the court would assess him. But, on top of assessing Boyd for these charges, the sentencing order notes, "If [Boyd] fails to pay the total financial obligation the obligation will be transferred for collection and an additional fee up to 25% of the financial obligation owed may be assessed." Boyd claims the court failed to inform him of the maximum possible punishment because it never advised him of the possibility of a collection fee.

The requirement that the court inform a defendant of the maximum possible punishment applies only to the direct consequences of pleading guilty—those that are definite, immediate, and largely automatic—but not to indirect and collateral consequences. *See State v. Fisher*, 877 N.W.2d 676, 683 (Iowa 2016). The collection fee is not definite, immediate, or automatic. It applies only if Boyd is

delinquent in paying the fine and surcharge. And its purpose is not to punish for the offense but to discourage delinquency. *See State v. Carney*, 584 N.W.2d 907, 909 (Iowa 1998) (noting that the purpose of the license revocation provision of the operating-while-intoxicated statute is to protect the public rather than punishment for double-jeopardy purposes in determining it is a collateral consequence of a guilty plea). Because the collection fee does not result from Boyd's plea, the court did not have to inform Boyd of it. Boyd's counsel did not breach a duty by failing to move in arrest of judgment on this basis, and his claim fails.

Boyd also alleges his plea was involuntary because the court failed to conduct an in-person colloquy to ensure his plea was knowing and voluntary. *See* Iowa R. Crim. P. 2.8(2)(b). He argues an in-person colloquy was required because the State charged him with a class "C" felony. But Boyd pled guilty to a misdemeanor charge, which allowed him to enter a written guilty plea that waived the requirement. *See* Iowa R. Crim. P. 2.8(2)(b). Because Boyd's written plea waived the in-court colloquy, his counsel had no duty to move in arrest of judgment. This claim also fails.

We affirm Boyd's conviction and sentence. We preserve his claim that counsel was ineffective by failing to investigate the facts and interview witnesses for a postconviction-relief proceeding. We deny the other claims raised on appeal.

**AFFIRMED.**