# IN THE COURT OF APPEALS OF IOWA

No. 22-1934
Filed February 7, 2024

**ANDREW GRAY CAULKER,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Michael Huppert, Judge.

     An applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

     John J. Bishop, Cedar Rapids, for appellant.

     Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

     Considered by Schumacher, P.J., Ahlers, and Potterfield, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**SCHUMACHER, Presiding Judge.**

Andrew Caulker appeals the district court decision denying his application for postconviction relief (PCR). Caulker asserts ineffective assistance of counsel caused him to plead guilty without understanding the consequences of the plea agreement.

## I. Background Facts and Prior Proceedings

In 2020, Caulker was arrested after methamphetamine and marijuana were found in his car during a traffic stop. He was charged with possession of a controlled substance with intent to deliver, to wit: methamphetamine, a class "B" felony, and possession of a controlled substance with intent to deliver, to wit: marijuana, a class "C" felony. Caulker was also charged with two counts of failure to possess a tax stamp, each a class "D" felony, and possession of cocaine, an aggravated misdemeanor. The State provided notice in the trial information of the intent to seek sentencing enhancements because of previous convictions.

Caulker's case was during the onset of the COVID-19 pandemic. He had little to no in-person contact with his attorney and many court proceedings were conducted virtually. Caulker's attorney negotiated a plea agreement with the State, and after discussing it with his attorney, Caulker accepted the plea. Under the agreement, as to Count 1, Caulker pled guilty to an amended charge, possession of a controlled substance, methamphetamine, with intent to deliver, second or subsequent offense, a class "C" felony. He also pled guilty to possession of a controlled substance, marijuana, with intent to deliver, second or subsequent offense, a class "D" felony. The plea agreement concerning the methamphetamine count raised the maximum sentence from twenty-five years to thirty years but

eliminated any mandatory minimum sentence and allowed Caulker to request a suspended sentence, which was not available to him in the original charge. The remaining three counts were to be dismissed. After his counsel explained the agreement to him over the phone, Caulker agreed to plead guilty and signed the agreement.

At sentencing, which Caulker attended virtually, the court accepted his guilty plea. He was also asked by the court if he understood the plea agreement and if he had any questions. Caulker responded that he understood the plea agreement and had no questions. He stated he was satisfied with his counsel. Caulker was sentenced to the maximum sentence on the methamphetamine charge, an indeterminate term of incarceration not to exceed thirty years. He was sentenced to an indeterminate term of incarceration not to exceed fifteen years on the marijuana charge. The sentences were run concurrently. Caulker was also sentenced to a consecutive five-year term for a probation violation for a total period of incarceration not to exceed thirty-five years.[1] The remaining three charges were dismissed, in accordance with the plea agreement.

## II. Standard of Review

A denial of an application for PCR is normally reviewed for correction of errors at law but claims of ineffective assistance of counsel are reviewed de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

---

[1] Caulker filed a direct appeal of his convictions, which were affirmed by this court. *State v. Caulker*, No. 20-0820, 2021 WL 1661230, at *3 (Iowa Ct. App. Apr. 28, 2021).

### III. Ineffective Assistance of Counsel

Caulker argues the district court erred in finding his trial counsel was not ineffective. He asserts that counsel failed to ensure he understood the consequences of the plea agreement.

A claim of ineffective assistance of counsel succeeds when an applicant proves "by a preponderance of evidence '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014) (citation omitted). It is necessary for the applicant to establish both elements: "if we find one element lacking, we need not address the other element." *Keyes v. State*, No. 15-0383, 2017 WL 1086781, at *3 (Iowa Ct. App. Mar. 22, 2017).

### A. Breach of an Essential Duty

Caulker alleges his counsel failed an essential duty by not ensuring he fully understood the plea agreement. Caulker asserts that he failed to "fully understand the maximum sentences of the charges to which he was agreeing." To determine whether counsel failed an essential duty, we compare their performance to that of a reasonably competent practitioner. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). "It is presumed the attorney performed his or her duties competently, and the claimant must successfully rebut this presumption by establishing by a preponderance of the evidence that counsel failed to perform an essential duty." *Id.* "In a guilty-plea case, the defendant must show that counsel's advice was not within the normal range of competency demanded of attorneys in criminal cases." *State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001).

Caulker has presented no evidence beyond his own testimony that counsel's advice was not within the normal range of competency. As to the reverse of the present situation, our supreme court has stated, "[i]n establishing a reasonable probability a claimant would have accepted the earlier plea offer had he or she received effective assistance of counsel, a claimant must proffer more than his or her own subjective, self-serving testimony." *Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015). "Rather, a claimant must proffer objective, corroborating evidence that his or her rejection of the plea offer was based on counsel's unprofessional errors, as opposed to other considerations." *Id.* We determine the reverse is also true and applicable to this case.

The record, including the plea agreement itself, trial counsel's testimony, and Caulker's statements at sentencing, does not support Caulker's arguments. His trial counsel testified he discussed the plea in detail with Caulker and explained how the charges in the plea were different from the charges Caulker would face at trial. Trial counsel stated, "I would have gone through that entire thing with him, and I actually remember doing that with Mr. Caulker about the maximum/minimum penalties that's on the form." Caulker's attorney testified he went through the plea agreement "word for word" with Caulker and explained the advantages of having no mandatory minimum sentence and how that could affect the time Caulker would serve. And the written plea agreement listed the maximum sentence, thirty years, which Caulker signed, attesting that he read and understood the agreement.

At sentencing, the court discussed with Caulker his understanding of the plea agreement. Caulker indicated he understood the plea agreement and was satisfied with the performance of his counsel. While Caulker claims that none of

this evidence shows he understood the plea agreement, the record belies this claim. We presume counsel performed competently, and considering the record, Caulker's statements alone are not enough to rebut this presumption. *See Tompkins*, 859 N.W.2d at 637; *Dempsey*, 860 N.W.2d at 869.

B. Prejudice

Having found Caulker's trial counsel failed no essential duty, we need not address prejudice. *See Keyes*, 2017 WL 1086781, at *3. But even if we needed to address the prejudice prong, Caulker cannot demonstrate prejudice on this record. Caulker maintains that had he understood the terms of the plea agreement, he would not have accepted it. To demonstrate prejudice "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When an applicant alleges their counsel's errors led them to reject a plea, our supreme court has stated that "the disparity between the sentence a defendant faced and a significantly shorter sentence in the plea offer can support a defendant's claim of prejudice." *Dempsey*, 860 N.W.2d at 869.

The difference between the plea Caulker accepted and the sentence he faced otherwise does not support his claim. While the plea agreement included a longer possible maximum term of incarceration,[2] it also included no mandatory minimum term of incarceration and allowed Caulker to argue for a suspended sentence. Caulker has not provided evidence beyond his own testimony to support

---

[2] The plea agreement raised the possible maximum term of incarceration from twenty-five years to thirty years.

his claims and "a claimant must proffer more than his or her own subjective, self-serving testimony." *Id.* Caulker has not demonstrated trial counsel failed an essential duty, nor has he demonstrated prejudice. We affirm.

**AFFIRMED.**