STATE of Iowa, Appellee,

v.

Anthony Maurice GANT, Appellant.

No. 98–357.

Supreme Court of Iowa.

July 8, 1999.

Rehearing Denied July 30, 1999.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Mary E. Richards, County Attorney, and Angelina M. Smith, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

LAVORATO, Justice.

The defendant, Anthony Maurice Gant, pleaded guilty to extortion. *See* Iowa Code § 711.4 (1997). He appeals from the judgment of conviction and sentence entered on his plea. On appeal, Gant contends his trial counsel was ineffective because counsel failed to preserve error on his challenge to the factual basis of the guilty plea. We transferred the case to the court of appeals. The court of appeals affirmed, concluding there was a factual basis for the plea. We granted Gant's application for further review. We affirm

the decision of the court of appeals and affirm the judgment of the district court.

On July 22, 1997, someone stole Courtney Graber's 1982 Chevrolet pickup truck. At the time of the theft, there was a stereo, a set of speakers, and a toolbox in the truck. Several days later, Gant came to Graber's place of employment and told Graber that he knew something about the stolen truck. Gant also told Graber that he might be able to help Graber recover the truck if Graber was willing to pay money for its return.

On August 5 Gant returned to Graber's place of employment and tried to sell a stereo and a set of speakers to Joseph Banks who worked with Graber. Banks recognized the stereo equipment as Graber's. Banks told Graber about this incident.

The next day Gant approached Graber again. This time Gant said he knew where Graber's truck and stereo equipment were and offered to recover the items for Graber provided Graber pay him $200. Graber then contacted the police who searched Gant's apartment pursuant to a search warrant. The police found Graber's toolbox in the apartment.

The State ultimately charged Gant with theft in the second degree, extortion, and theft in the fourth degree. The State agreed to drop the two theft charges in return for Gant's plea of guilty to the extortion charge. The district court accepted Gant's plea to the extortion charge and later sentenced him to an indeterminate term of imprisonment not to exceed five years on that charge.

As to the extortion charge, the State alleged that Gant committed extortion by "threaten[ing] to withhold testimony or information with respect to another's legal claim or defense" in violation of Iowa Code section 711.4(6). We set out that portion of the plea proceeding pertinent to this allegation:

THE PROSECUTOR: Anyway the State is charging in the alternative extortion, and it charges that Mr. Gant had information concerning—either had in his possession or had information of the whereabouts of property of Courtney Graber and he asked Mr. Graber for $200 in exchange for that information or for the return of the property.

. . . .

THE COURT: Okay. Did you have a conversation with Mr. Graber?

THE DEFENDANT: Yes, I did.

THE COURT: Did you tell him that you knew where his stolen property was?

THE DEFENDANT: Yes, I did.

THE COURT: And did you tell him that you weren't going to give him that information unless he paid you some money?

THE DEFENDANT: Yeah, I believe so.

Gant contends that these admissions to the court do not establish a factual basis for the section 711.4(6) extortion alternative as the State had charged. He therefore insists that his trial counsel's failure to object to the plea and counsel's subsequent failure to file a motion in arrest of judgment challenging the plea amounted to ineffective assistance of counsel. Gant believes he is now entitled to a vacation of his plea and sentence.

## I. Error Preservation.

■ Iowa Rule of Criminal Procedure 8(2)(d) requires the district court to

inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.

Iowa Rule of Criminal Procedure 23(3)(a) provides that a defendant's failure to file a motion in arrest of judgment bars a defendant from challenging the adequacy of guilty plea proceedings on appeal. The

purpose of these two rules is to allow the district court to correct defects in guilty plea proceedings before an appeal and therefore eliminate the necessity for the appeal. *Wenman v. State,* 327 N.W.2d 216, 218 (Iowa 1982). It is undisputed that the district court advised Gant of the requirement to file a motion in arrest of judgment and that Gant failed to file the motion.

Gant, however, contends the error preservation rule does not apply because his failure to file a motion in arrest of judgment was due to the ineffective assistance of his trial counsel. Gant correctly argues that a claim of ineffective assistance of counsel may be an exception to our error preservation rule. *See State v. Hildebrant,* 405 N.W.2d 839, 840 (Iowa 1987) (holding that a failure to file a motion in arrest of judgment due to the ineffective assistance of counsel did not preclude appellate review of defendant's contention that there was no factual basis for his guilty plea).

Although we ordinarily do not address ineffective-assistance-of-counsel claims on direct appeal, we have the obligation to determine whether such claims should be disposed of on direct appeal or should be reserved for postconviction relief proceedings. *Id.* at 840–41. Here, we are convinced the record is sufficient for us to consider Gant's ineffective-assistance-of-counsel claim on direct appeal.

## II. Ineffective Assistance of Counsel.

■ To establish his claim of ineffective assistance of counsel, Gant must prove by a preponderance of the evidence that his trial counsel failed to perform an essential duty and that this failure resulted in prejudice. *Id.* at 841. We affirm if either element is absent. *See State v. Crone,* 545 N.W.2d 267, 270 (Iowa 1996). As to the first element, Gant must prove his trial counsel's performance was not within the normal range of competence. *See id.*

■ As to the second element, Gant must prove his counsel's error resulted in an actual and substantial disadvantage, creating a reasonable probability that but for the error the outcome of the proceeding would have been different. *See id.*

■ Because ineffective-assistance-of-counsel claims raise issues under the Sixth Amendment to the Federal Constitution, we perform a de novo review, making an independent evaluation of the circumstances as shown by the entire record. *See State v. Terry,* 544 N.W.2d 449, 451 (Iowa 1996).

**A. The particular alternative of extortion to which Gant pleaded guilty.** As pertinent to this case,

[a] person commits extortion if the person does any of the following with the purpose of obtaining for oneself or another anything of value, tangible or intangible, including labor or services:

. . . .

6. Threatens to testify or provide information or *to withhold testimony or information with respect to another's legal claim or defense.*

Iowa Code § 711.4(6) (emphasis added).

**B. Existence of a threat.** As mentioned, Gant told Graber that Gant knew the whereabouts of Graber's stolen property and that he was not going to give Graber that information unless Graber paid Gant money. Gant insists that this conversation with Graber as admitted in the plea proceeding does not constitute an extortionate threat against Graber.

■ In *Crone,* we applied the dictionary meaning to the word "threat" in section 711.4. We said that an extortionate threat is a promise of punishment, of reprisal, or of other distress. *See Crone,* 545 N.W.2d at 271. An extortionate threat also includes an act of retaliation. *Id.* An extortionate threat need not be explicit. *Id.* Such a threat may arise out of innuendo or suggestion. *Id.* All that is necessary is that the threat be definite and under-

standable to a reasonable person of ordinary intelligence. *Id.*

■ We think a reasonable person of ordinary intelligence would have understood Gant's statement to be a promise of retaliation if Graber did not pay him the money: If you fail to pay me the money, I will not tell you where your property is.

**C. Legal claim or defense.** Gant has a fall-back position. He thinks section 711.4(6) does not apply because there was no civil or criminal action pending when he made the alleged threat.

■ The other key words in section 711.4(6) are "testimony," "information," "legal claim," and "defense." The statute does not define any of these words. We therefore look to the ordinary and common meaning of these terms. *See Crone,* 545 N.W.2d at 271.

"Testimony" includes "a particular kind of evidence that comes to [a] tribunal through live witnesses speaking under oath or affirmation in [the] presence of a tribunal, judicial or quasi-judicial." Black's Law Dictionary 1465 (6th ed.1990). "Information," on the other hand, is a broader term referring to "knowledge communicated by others or obtained from investigation, study, or instruction." Webster's Third New International Dictionary 1160 (unabr. ed.1993).

The noun "claim" has a broad meaning and includes, among other things, a "cause of action." Black's Law Dictionary 247 (6th ed. 1990). A "cause of action" is defined as

> [a] situation or state of facts which would entitle a party to sustain an action and [would] give that [party] a right to seek a judicial remedy in the party's behalf.

*Id.* at 221. In contrast to a legal claim, a "defense," in the context of a civil case, is "[t]hat which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks." *Id.* at 419. In the context of a criminal matter, a defense to a criminal charge may include such things as alibi, consent, and duress. *Id.*

■ Therefore, as applied to the charge here, a person commits extortion if for the purpose of obtaining anything of value, the person threatens to withhold knowledge—whether communicated by others or obtained from investigation—pertaining to a person's cause of action. There is no requirement in the statute that the threat must relate to a pending civil matter. *See* Iowa R.App. P. 14(f)(13) ("In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said."). A legal claim exists even though the party asserting the claim has not filed a lawsuit to enforce it. Therefore, the extortion occurs if the person threatens to withhold knowledge on an action that might ultimately be filed.

■ Here, Graber had a substantive right against the thief to recover in court possession of his stolen property or its value. *See generally* Iowa Code ch. 643. When Gant threatened to withhold information that might aid Graber to vindicate that right in court unless Graber paid him for the information, Gant violated Iowa Code section 711.4(6). We therefore conclude there was a factual basis for Gant's guilty plea. Because there was a factual basis for the plea, Gant's trial counsel was not ineffective for not challenging the plea either during the plea proceedings or by a motion in arrest of judgment.

We therefore affirm the court of appeals decision and the district court judgment of conviction and sentence.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**