**IN THE COURT OF APPEALS OF IOWA**

No. 14-1330
Filed June 24, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TROY DAVID CAPESIUS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.

Troy Capesius appeals from the judgment entered pursuant to his plea of guilty to one count of possession of a controlled substance. **AFFIRMED.**

Christopher M. Soppe of Law Office of Christopher M. Soppe, Dubuque, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Ralph Potter, County Attorney, and Timothy J. Gallagher, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Troy Capesius appeals from the judgment entered pursuant to his plea of guilty to one count of possession of a controlled substance (marijuana) in violation of Iowa Code section 124.401(5) (2013).

In March of 2014, officers found ninety-four grams of marijuana while executing a search warrant at a residence where a fire had broken out. Capesius was present. He waived his Miranda protections and admitted ownership of the marijuana. He pleaded guilty to the resulting charge via a written plea. The written plea stated the minimum and maximum potential fines, the negotiated sentence of 120 days suspended jail time with one year informal probation, substance abuse evaluation requirement, and court costs and fines.

As part of his sentence, Capesius's driver's license was revoked for one hundred eighty days. The revocation had not been mentioned in the written guilty plea. Capesius now appeals, asserting he did not voluntarily and knowingly plead guilty because he had not been informed his license would be revoked.[1]

Capesius first attempts to challenge the plea directly, but he has failed to preserve error. To preserve error for appellate review of a guilty plea, the

---

[1] A court may not accept a guilty plea unless it is entered voluntarily, knowingly, and intelligently. *See State v. Loye*, 670 N.W.2d 141, 150–51 (Iowa 2003). For a plea to be knowing and voluntary, the "sentencing court must insure the defendant understands the direct consequence of the plea . . . ." *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). Direct consequences are "definite, immediate and largely automatic effect[s] on the range of defendant's punishment." *Id.* Capesius argues—and the State agrees—the revocation of his license was a direct consequence of his plea. *See Hills v. Iowa Dep't of Transp.*, 534 N.W.2d 640, 642 (Iowa 1997) (holding license revocation based on a controlled substance violation was a quasi-criminal punishment rather than a civil consequence). He argues the district court was therefore required to insure he understood that consequence but failed to do so.

defendant must move in arrest of judgment before the district court. *See State v. Keene*, 630N.W.2d 579, 581 (Iowa 2001). In his written guilty plea, Capesius properly agreed to "giv[e] up [his] right to raise any challenge to [his] guilty plea through a Motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure." *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) ("[D]efendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar . . . to challenging a guilty plea on appeal.").

Capesius alternatively asserts he suffered ineffective assistance of counsel because his counsel allowed him to enter a plea without knowledge of the resulting revocation of his driver's license. Capesius's ineffective-assistance claim circumvents his error preservation problem. *See State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999). Ineffective-assistance claims arise under the Sixth Amendment of the United States Constitution, and we review them de novo. *Id.*

To establish an ineffective-assistance claim, Capesius must "prove by a preponderance of the evidence that his trial counsel failed to perform an essential duty and that this failure resulted in prejudice." *Id.* If he fails to prove either prong, we will affirm. *Id.* Though we prefer not to address ineffective-assistance claims on direct appeal, we find the record in this case sufficient to do so. *See id.* We find Capesius has not proved he suffered prejudice, so we do not address whether his counsel failed an essential duty.

In the context of a guilty plea, establishing prejudice requires Capesius to show "a reasonable probability that, but for counsel's alleged errors, he would not

have [pleaded] guilty and would have insisted on going to trial." *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "[C]onclusory claims of prejudice are not sufficient to satisfy the prejudice element." *State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) (citation and internal quotation marks omitted).

Capesius has not even offered a conclusory assertion that he would not have pleaded guilty if he had been informed of the impending revocation of his driver's license. The record does not suggest he would have insisted on going to trial. At trial, he would have been forced to contend with his own admission of possession to the arresting officers. If he were found guilty, he could have faced a jail sentence as long as the period of time his license was suspended. *See* Iowa Code §§ 124.401(5), 903.1(1). Capesius benefitted from the plea agreement, the result of which was a jail sentence suspended in its entirety and the minimum fine. There is no evidence in the record to suggest Capesius would have rejected the benefits of the plea agreement because of a six-month suspension of his driver's license.

Capesius's direct challenge to his guilty plea is not preserved for our review, and his ineffective-assistance claim fails because he has failed to demonstrate prejudice. We affirm.

**AFFIRMED.**