# IN THE COURT OF APPEALS OF IOWA

No. 16-0339
Filed September 14, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL ANTHONY,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan (plea) and James D. Coil (sentencing), District Associate Judges.

Michael Anthony appeals his conviction for first-degree harassment claiming ineffective assistance of counsel, abuse of the trial court's discretion, and trial court error in sentencing. **AFFIRMED.**

Seth J. Harrington of Harrington Law L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Michael Anthony appeals his conviction for first-degree harassment raising three issues on appeal. First, he claims ineffective assistance of counsel for his post-plea counsel withdrawing his pro se motion in arrest of judgment. Second, he asserts the trial court abused its discretion by denying his request for deferred judgment. Finally, he avers the trial court erred in requiring him to submit a DNA sample for DNA profiling. We affirm.

**I. Background Facts and Proceedings**

In August 2014, Anthony and the complaining witness began exchanging argumentative messages on a social networking website. Events escalated when Anthony began posting threatening language directed at the complaining witness. On August 5, Anthony went to the complaining witness's home. The complaining witness and another witness both told officers that Anthony pulled a gun out when he arrived and began yelling for the complaining witness to come outside; Anthony threatened him by saying, "I'm going to kill you motherfucker."

Following this in-person confrontation, Anthony began posting additional threatening messages about the complaining witness, offering a reward for his location, and demanding the complaining witness leave the state within forty-eight hours.

Shortly thereafter, responding officers went to Anthony's house and searched Anthony's person and vehicle but found no weapons. Anthony admitted to officers that he had been in a verbal confrontation with the complaining witness but denied ever threatening to kill him. Anthony also

acknowledged to officers that if he saw the complaining witness on the street he would beat him up.

Anthony was charged by trial information with first-degree harassment, in violation of Iowa Code section 708.7(2) (2013), on August 14, 2014. On the same day, Anthony was also charged with assault on a peace officer, in violation of section 708.3A(4). In October 2014, Anthony filed an application for evaluation in both cases, alleging he suffered from bipolar disorder, and he also filed a motion for stay, claiming he was undergoing a manic episode on the days of the incidents resulting in the two criminal charges.

As to the assault case, the court appointed a public defender on July 22, 2015. On July 31, the public defender filed an intent to rely on the defense of diminished responsibility. The State eventually amended that complaint to charge Anthony with simple misdemeanor interference with official acts, and on that day, October 22, 2015, Anthony pleaded guilty.

Concerning the harassment case, in June 2015, the district court entered an order setting the harassment case for plea and sentencing, acknowledging negotiations were pending. In July, Anthony entered a written guilty plea, and the court set sentencing for August 31. On August 22, 2015, Anthony filed a pro se motion in arrest of judgment where he explained his diminished-responsibility defense in the assault case and claimed he was entitled to relief in this case as well due to the fact both charges were incurred close in time.

In November 2015, Anthony's attorney in the harassment case was allowed to withdraw, and the court appointed a public defender. The case came back before the court on December 11, 2015, when the public defender withdrew

Anthony's pro se motion in arrest of judgment. Sentencing was again continued until February 2016.

At sentencing, the court was told Anthony did not have a significant criminal history, and both the State and the defense agreed that he suffered from mental health issues. Anthony's counsel again informed the court the assault case had been reduced to a simple misdemeanor due to his mental health issues. Anthony's attorney also explained to the court Anthony had been working and running his own business after the arrests and after he began taking medication. Ultimately, defense counsel asked the court to grant Anthony a deferred judgment, which the court denied.

In denying the request for deferred judgment, the court noted the extreme nature of the threats Anthony made. The court stated that it was not imposing any sort of punishment on Anthony for possessing or using a gun since that fact was never proven. For the first-degree harassment charge, the court sentenced Anthony to 180 days in jail, all of which were suspended, imposed a $625 fine, and ordered him to provide a DNA sample.

Anthony appeals.

## II. Discussion

### A. Ineffective Assistance of Counsel

Anthony claims his trial counsel breached her duty by withdrawing his pro se motion in arrest of judgment, thereby "unilaterally" discarding Anthony's diminished-responsibility defense. We review claims of ineffective assistance of counsel de novo but only in the event we find an adequate record by which to address the claim. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

To prevail on this claim, Anthony needs to establish (1) his counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *See id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "We affirm if either element is absent." *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999) (citation omitted). For the first element, Anthony must show his counsel's performance was not within the normal range of competence. *See id.* For the second element, Anthony "must prove his counsel's error resulted in an actual and substantial disadvantage, creating a reasonable probability that but for the error the outcome of the proceeding would have been different." *See id.*

Anthony's claim counsel's withdrawal of his motion in arrest of judgment discarded his only available defense is without merit. By the time Anthony filed his motion in arrest of judgment, he had already pleaded guilty to the charged offense and thereby waived any defense he had or could have asserted. The withdrawal of the motion by his post-plea attorney did nothing to alter the fact that any defense he wanted to raise had already been waived by his earlier plea.

Anthony has made no allegations that he was suffering from any mental health issues at the time of his plea, and he does not challenge the validity of the plea. He also does not claim ineffective assistance of counsel as to his first attorney. With a valid guilty plea, Anthony waived any defenses he may have had. *See State v. Wise*, 708 N.W.2d 66, 70 (Iowa 2006) (stating a guilty plea

pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b) waives all defenses and objections, subject to certain exceptions[1]).

Having found Anthony's valid plea waived his potential diminished-responsibility defense, we also find his post-plea counsel's withdrawal of his pro se motion in arrest of judgment did not result in prejudice. Therefore, Anthony has not shown his post-plea counsel was ineffective.

## B. Deferred Judgment

Anthony next avers the trial court abused its discretion when it denied his request for deferred judgment. Specifically, he contends the court failed to consider his family circumstances, his age, and his prior criminal history, while also arguing the court did not give him any reason why it would not defer his judgment.

We review sentencing decisions for abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (citing *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999)). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* We consider "all pertinent matters when determining a sentence, including the nature of the offense, the attending circumstances, defendant's age, character, propensities, and chances of his reform." *Id.* "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

---

[1] One such exception, albeit inapplicable to this case, involves irregularities intrinsic to the plea itself, which bear on the knowing and voluntary nature of the plea. *See Manning v. State*, 654 N.W.2d 555, 561 (Iowa 2002).

A sentencing court must exercise its "discretion without application of a personal, inflexible policy relating only to one consideration." *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). In doing so, the sentencing court should engage in an independent consideration in each case and "reject the use of fixed policies." *State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001). If the court focuses on only one factor or has a policy against considering any factor, the court has abused its discretion. *See Hildebrand*, 280 N.W.2d at 396.

A court "is generally not required to give its reasons for rejecting particular sentencing options." *Thomas*, 547 N.W.2d at 225 (citing *State v. Loyd*, 530 N.W.2d 708, 713-14 (Iowa 1995)). The court need only "state on the record its reason for selecting the particular sentence." Iowa Code § 2.23(3)(d).

During sentencing in this case, the court acknowledged the severity of the conduct involved, the types of threats made, and the general hostility between Anthony and the complaining witness. It explained that it was not imposing punishment for the use of a weapon but recognized the elements for the charged offense had been met.

In setting the sentence, the record is clear to us that the court considered multiple factors. The court acknowledged Anthony's unremarkable criminal history, his continued employment and dealings with the court through his local business, and the fact that Anthony had not been arrested since his arrest for the current charge some two years prior. Furthermore, the court also imposed a sentence within the statutory limit. *See* Iowa Code § 903.1(2) ("When a person is convicted of an aggravated misdemeanor . . . the maximum penalty shall be imprisonment not to exceed two years . . . [t]here shall be a fine of at least six

hundred twenty-five dollars but not to exceed six thousand two hundred fifty dollars.").

We do not find the court's imposition of judgment on Anthony to be clearly unreasonable or based upon untenable grounds. The sentence imposed and the denial of deferred judgment were acceptable exercises of the court's discretion. *See State v. Formano*, 638 N.W.2d 720, 725 (Iowa 2002) (stating the appellate court's "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds").

### C. DNA Sample

Anthony contends the trial court erred in ordering him to submit a DNA sample for profiling based on his aggravated misdemeanor conviction, arguing the court had discretion in ordering it but had no requirement to do so. When a defendant claims part of his sentence is contrary to statutory authority, we review for corrections of errors at law. *State v. Vain*, 724 N.W.2d 440, 444 (Iowa 2006).

The State correctly points out that previous versions of Iowa Code section 81.2 did not require DNA sampling for persons convicted of aggravated misdemeanors; however, 81.2 was amended in 2013, effective July 1, 2014. *See* 2013 Iowa Acts ch. 107, § 2. Section 81.2(1) now provides, "A person who receives a deferred judgment for a felony or against whom a judgment or conviction for a felony or *aggravated misdemeanor* has been entered shall be required to submit a DNA sample for SNA profiling pursuant to section 81.4." (Emphasis added.) We find no error.

Based on the foregoing, we affirm.

**AFFIRMED.**