## IN THE COURT OF APPEALS OF IOWA

No. 17-0225
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA T. DUSTIN HILLMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Worth County, Rustin T. Davenport, Judge.

        Joshua Hillman appeals his conviction entered upon his guilty plea to fourth-degree criminal mischief. **AFFIRMED.**

        Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Joshua T. Dustin Hillman pled guilty to fourth-degree criminal mischief in connection with the smashing of two bicycles. On appeal, Hillman contends his plea lacked a factual basis and, accordingly, his plea attorney was ineffective in allowing him to enter the plea and waive his right to file a motion in arrest of judgment. He also contends counsel was ineffective in failing to file or investigate an alibi defense and in failing to inform the district court that his guilty plea was the product of duress "caused by the delay in setting his bond review hearing and failure to file a motion in arrest of judgment."

The record is adequate to address the factual basis claim on direct appeal. *See State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999). Hillman must prove his attorney breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty," and "we presume prejudice." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis will be found if "the record demonstrates the facts to support the elements of the offense." *Id.* (citing *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010)).

Criminal mischief is defined as "[a]ny damage, defacing, alteration, or destruction of property," and "fourth degree" criminal mischief in this context occurs if "[t]he cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed exceeds two hundred dollars, but does

not exceed five hundred dollars." *See* Iowa Code §§ 716.1, 716.6(1)(a)(1) (2016).

The minutes of testimony establish these elements. A woman provided the Manly Police Department with a written statement describing Hillman's arrival at an apartment building and his destruction of two bicycles. The woman stated she saw Hillman put the bicycles in his truck, then "toss them to the ground, smashing and ruining" them. She listed the value of each bicycle as in excess of $200. Because her statement furnished a factual basis for the crime of fourth-degree criminal mischief, Hillman's attorney did not breach an essential duty in allowing Hillman to plead guilty to the crime and in allowing him to waive his right to challenge the plea via a motion in arrest of judgment. We affirm Hillman's conviction for fourth-degree criminal mischief.

The record is inadequate to resolve Hillman's remaining ineffective-assistance-of-counsel claims: (1) counsel's failure to file or investigate an alibi defense and (2) counsel's failure to inform the district court of claimed duress in connection with his guilty plea. We preserve these claims for postconviction relief. *See State v. McNeal*, 867 N.W.2d 91, 105-06 (Iowa 2015).

**AFFIRMED.**