# IN THE COURT OF APPEALS OF IOWA

No. 17-0567
Filed June 6, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY JORDAN CASON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.


A defendant appeals following his guilty pleas.  **AFFIRMED.**


Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Jeffrey Cason appeals following his guilty pleas to two separate charges of possession of a controlled substance–marijuana with the intent to deliver and third-degree burglary.

## I.     Background Facts and Proceedings

In 2016, the State filed thirteen separate charges against Cason under various case numbers.  Ultimately, Cason agreed to plead guilty to two separate charges of possession of a controlled substance–marijuana with the intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2016), and third-degree burglary, in violation of Iowa Code section 713.6A.  The possession charges carried the habitual offender sentencing enhancement.  *See* Iowa Code § 902.8.  Pursuant to the written plea agreement, all of the remaining charges and cases were dismissed.  The plea agreement recommended the imposition of fines and a combined sentence of incarceration of thirty-five years, with a mandatory minimum of six years.  After a hearing on the record, the district court accepted Cason's plea and sentenced him in accordance with the terms of the plea agreement.

Cason appeals, asserting the district court's plea colloquy was insufficient and his counsel was ineffective in failing to object to the district court's errors.  *See* Iowa R. Crim. P. 2.8(2)(b).

## II.     Standard of Review

Challenges to guilty pleas are ordinarily reviewed for the correction of errors at law.  *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).  We review ineffective-assistance-of-counsel claims de novo.  *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999).

### III.     Plea Colloquy

Cason asserts the district court erred in failing to advise him of the total amount of fines he would owe to the State, in failing to inform him of the period of revocation of his driver's license, in failing to ask him whether he was under the care of a psychiatrist or physician, and in failing to establish whether he was represented by counsel in one of his previous felony convictions.   The State asserts Cason failed to preserve error because he was sentenced immediately and he waived the right to file a motion in arrest of judgment under the plea agreement. Alternatively, Cason claims his trial counsel was ineffective by failing to object to the district court's errors.  *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel").

To prove his ineffective-assistance claim, Cason must prove counsel failed to perform an essential duty and the failure resulted in prejudice.  *See id.*  The prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 138.  When an ineffective-assistance claim is made on direct appeal, we must first determine whether the record is adequate to address the claim made.  *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).  "[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]."  *Straw*, 709 N.W.2d at 138.  The record is sufficient for us to address Cason's claims.

## A. Fine & License Revocation

Rule 2.8(2)(b)(2) requires the court to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." *Fisher*, 877 N.W.2d at 682. "We utilize a substantial compliance standard to determine whether a plea crosses the rule 2.8(2)(b)(2) threshold. *Id.* (citing *State v. White*, 587 N.W.2d 240, 242 (Iowa 1998)).

At the March 30, 2017 plea hearing, the district court stated:

> THE COURT: All right. I need to go through the potential penalties that apply to each of the charges to which you're pleading guilty. First of all, Count I in FECR291658, possession of a controlled substance with intent to deliver with a habitual offender enhancement, that's punishable by a prison sentence of up to 15 years with a minimum 3-year sentence before you'd be eligible for parole. There is no fine. You could be required to make restitution, pay back court-appointed attorney fees, and pay certain court costs. You'd be required to submit a DNA sample, and there is a D.A.R.E. surcharge of $10 and a law enforcement initiative surcharge of $125. Do you understand those potential penalties as I've explained them?
> [CASON]: Yes, sir.
> THE COURT: All right. Moving on to Count III in FECR294878. Again, you're pleading to this as a class "D" felony with the habitual offender enhancement. And so, again, that's a 15-year prison sentence—up to 15 years with a minimum 3 before you'd be eligible for parole. You could be required to make restitution, pay back court-appointed attorney fees, pay court costs, submit a DNA sample, pay a D.A.R.E. surcharge of $10 and a law enforcement initiative surcharge of $125. Do you understand these potential penalties as I've explained them?
> [CASON]: Yes, sir.
> THE COURT: The last charge to which you're pleading guilty is burglary in the third degree, a lesser-included offense in FECR298451, and that's a class "D" felony without enhancement. That's punishable by up to 5 years in prison, fine ranging from $750 to $7500, 35 percent surcharge. You could be required to make restitution, pay back court-appointed attorney fees, and pay court

costs, as well as submitting a DNA sample. And, counsel, am I missing any surcharges on the burglary? I think that's the end of it.

STATE: You mentioned LEI; correct, Your Honor?

THE COURT: And the LEI surcharge—law enforcement initiative surcharge—of $125.

Upon our review of the record, the district court adequately detailed the minimum and maximum penalties associated with Cason's convictions. Additionally, the prosecutor addressed the terms of the plea agreement, which detailed Cason's driver's license revocation through the Iowa Department of Transportation under the two possession charges. When the prosecutor finished explaining the terms of the plea agreement, the district court responded:

THE COURT: I believe, when I was going over the penalties, I may have skipped over—potential penalties, I may have skipped over the driver's license suspensions, but that was something you were aware of?

[CASON]: Yeah, I'm aware.

Cason was informed of the maximum and minimum penalties associated with his guilty plea, including the range of the fine, noting a thirty-five-percent surcharge on the burglary charge, the term of imprisonment, and the driver's license revocation. Accordingly, Cason cannot claim his plea was unknowingly and involuntarily given and his counsel was not ineffective in failing to object to the court's plea colloquy.

**B. Mental Condition**

Cason also claims the court failed to inquire as to whether he was under the care of a psychiatrist of physician. If "the record suggests a question as to the mental competence of the defendant, trial court must resolve the question before accepting a guilty plea." *State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977). At the plea proceeding, the court asked:

THE COURT: And are you under any physical or mental or other disability that could impair your ability to give complete, truthful, intelligent, voluntary statements today?

[CASON]: No, sir.

Upon our review of the record, there is nothing to suggest a question as to Cason's mental capacity. Accordingly, the district court did not err by failing to ask Cason if he was under the care of a psychiatrist or physician and Cason's counsel was not ineffective in failing to object.

## C. Felony Representation

Finally, Cason claims the district court failed to determine whether he was represented by counsel during one of his previous two felony proceedings. *See* Iowa R. Crim. P. 2.19(9). During the plea hearing, the court asked:

THE COURT: Let me ask you about these previous convictions. Were you convicted of a felony on October 4, 2005, namely, conspiracy to commit a forcible felony, in Polk County case FECR167243?

[CASON]: Yes, sir.

THE COURT: Were you represented by counsel on that matter?

[CASON]: Yes, sir, I was.

THE COURT: Were you also convicted of a felony, namely, forgery, on September 17, 2010, in Polk County case FECR227582?

[CASON]: Yes, sir, I was.

Cason claims the court erred when it failed to ask whether he was represented by counsel in his forgery case. The minutes of evidence set forth the details of Cason's prior felony convictions that the State intended to rely upon to support the habitual offender enhancement. Cason had notice of the case number, dispositions, and dates of the convictions, and he did not claim he was not the person previously convicted in those convictions, nor did he assert he was not represented by counsel and did not waive counsel in those cases. *See State v.*

*Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005) (stating rule 2.19(9) gives the defendant an opportunity to affirm or deny the allegations the State is obligated to prove at the second trial); Iowa R. Crim. P. 2.19(9). Cason's only claim is that the district court did not inquire into whether he was represented. Accordingly, Cason's admissions to his prior felony convictions were knowing and voluntary and his claim of error fails. Thus, his counsel was not ineffective in failing to object to the court's plea colloquy.

## IV.    Conclusion

Because the district court informed Cason of the minimum and maximum penalties associated with his guilty pleas, the record did not suggest a question of Cason's mental competence, and he did not claim he lacked representation at his previous felony convictions, the court did not err in conducting its plea colloquy and Cason's ineffective-assistance-of-counsel claims fail.

**AFFIRMED.**