# IN THE COURT OF APPEALS OF IOWA

No. 17-1584
Filed July 5, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER FIELDS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

　　　　Christopher Fields appeals from his conviction contending his attorney provided ineffective assistance by permitting him to plead guilty despite the lack of a factual basis. **SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.**

　　　　Karmen R. Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Christopher Fields appeals from his conviction and sentence for distributing a drug to a minor, an aggravated misdemeanor, in violation of Iowa Code section 124.406(1)(c) (2017), and assault causing bodily injury or mental illness (sexually motivated offense), in violation of Iowa Code sections 708.1(2)(a), 708.2(2), and 708.15. Fields asserts his trial counsel provided ineffective assistance by permitting him to plead guilty to the assault charge without the record containing a factual basis to support the "bodily injury" element of that charge. Because the State may be able to provide a factual basis to support all the elements of the offense charged, we vacate Fields's sentence and remand to the district court for further proceedings to provide the State an opportunity to offer this evidence.

## I. Background Facts and Proceedings

On June 22, 2017, the State filed a trial information against Fields, charging him with distributing drugs to a minor. The State filed an amended trial information on August 29, adding the charge of assault causing bodily injury. The charges were filed after Fields engaged in a sexual encounter with a minor. Fields filed a written plea of guilty to both charges on August 29, acknowledging the unchallenged elements of the distributing drugs to a minor charge. He also acknowledged, "I touched K.C., a person I knew to be under the age of 18, in a manner that had a sexual motivation, but which she deemed offensive and in doing so I caused a bodily injury to her." Fields also asked the district court to "accept as true the minutes of testimony to further establish the factual basis for this offense."

In an unreported hearing, the district court accepted the guilty plea on the same day. On September 15, Fields was sentenced to imprisonment not to exceed one year on the assault charge and two years on the distribution charge; the sentences were to run consecutively to each other and consecutively to a previous suspended sentence for a total term not to exceed five years. All the sentences were suspended. Fields was sentenced to two years' probation and was required to register as a sex offender. Finally, he was also ordered to pay a fine, surcharge, and restitution. Fields appeals, contending his trial counsel was ineffective in permitting him to plead guilty to the charges without a factual basis for the "bodily injury" element of the assault charge in the record.

## II. Standard of Review

Challenges to guilty pleas are ordinarily reviewed for the correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). We review ineffective-assistance-of-counsel claims de novo. *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999).

## III. Factual Basis

To establish an ineffective-assistance claim, Fields must "prove by a preponderance of the evidence that his trial counsel failed to perform an essential duty and that this failure resulted in prejudice." *Gant*, 597 N.W.2d at 504. If he fails to prove either prong, we will affirm. *Id.* In the context of a guilty plea, establishing prejudice requires Fields to show "a reasonable probability that, but for counsel's alleged errors, he . . . would not have [pleaded] guilty and would have insisted on going to trial." *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). We do not ordinarily address ineffective-assistance-of-counsel claims on direct

appeal unless the record is sufficient to dispose of such claims. *Gant*, 597 N.W.2d at 504.

The district court may not accept a guilty plea from a defendant without first determining a factual basis supports the plea. Iowa R. Crim. P. 2.8(2)(b). Permitting a client to plead guilty to a crime that lacks a factual basis in the record is per se ineffective assistance of counsel. *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005).

In its August 29, 2017 order accepting Fields's guilty plea, the district court included the following:

> Defendant PLEADS GUILTY to the crime(s) set out above. By direct conversation with Defendant on the record, the Court finds that Defendant understands the charge(s), the penal consequences, and the rights being waived. *Based upon Defendant's statements, the prosecutor's statements* and the applicable minutes of testimony, the Court finds there is a factual basis for the plea and the plea is knowing and voluntary. Defendant's guilty plea is accepted. Emphasis added.

The factual basis supporting the plea agreement must be made on-the-record, meaning as part of a verbatim proceeding. *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013). However, in serious and aggravated misdemeanors the court may supplement the in-court colloquy with a written plea that tracks the language of Iowa Rule of Criminal Procedure 2.8(2)(b). *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004) (citing *State v. Kirchoff*, 452 N.W.2d 801, 804–05 (Iowa 1990)). Fields claims he did not waive his right to a verbatim record of the plea proceedings and, upon our review of the record, we find no evidence of waiver. First, the district court order stated it conversed with Fields on the record and, second, the petition to plead guilty did not select the area marked, "I waive my right to have a verbatim

record of these proceedings." Nevertheless, our record on appeal does not contain a verbatim record of the proceedings.

In addition to the minutes of testimony, the district court referenced the "defendant's statements" and "the prosecutor's statements" that established a factual basis for the plea. Without a record of those statements in our record, we do not know whether counsel was ineffective in allowing Fields to plead guilty. Because a factual basis supporting the assault causing bodily injury conviction does not exist in our record but may have been presented to the district court, we are faced with two possible remedies. *See State v. Schminkey*, 597 N.W.2d 785, 791 (Iowa 1999). When the record establishes the defendant has been charged with the wrong crime, we vacate the conviction and sentence and remand for a dismissal of the charge. *Id.* But if it is possible for the State to still establish a factual basis to support the guilty plea, we vacate the sentence and remand to the district court to give the State an opportunity to establish a factual basis. *Id.* If on remand the factual basis cannot be shown, then the plea must be set aside. *Id.*

### IV. Conclusion

Because the State may be able to provide a factual basis to support the elements of the assault offense charged, we vacate Fields's sentence and remand to the district court for further proceedings to provide the State an opportunity to offer this evidence on the record.

**SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.**