STATE of Iowa, Appellee,

v.

Dennis P. MOREHOUSE, Appellant.

No. 66638.

Supreme Court of Iowa.

March 17, 1982.

Larry J. O'Connor, P.C., Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by LeGRAND, P.J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

Under a plea bargain defendant pled guilty to conspiracy to deliver a schedule II controlled substance (cocaine). § 204.-401(1)(a), The Code 1979. The facts, being sufficient and undisputed, need not be detailed. The guilty plea proceedings were adequate to comply with Iowa R.Crim.P. 8(2)(b). Defendant appeals following sentence for a term of not to exceed ten years. We affirm the trial court.

I. Two assignments address matters waived by the plea. Defendant protested the consolidation of his case with that of a co-defendant. On appeal he again seeks to urge this was an abuse of the trial court's discretion, arguing the consolidated trial would emphasize his lack of employment and education. This, he says, would suggest his "motivation for profit in the sale of a controlled substance." Defendant also argues he was denied his constitutional right to a speedy trial and that his motion to dismiss the charge on that ground should have been sustained.

The State responds to both arguments by pointing to the guilty plea. According to the State the defendant's plea waived all defenses and the right to contest all adverse pretrial rulings. We agree. A guilty plea waives all defenses or objections which are not intrinsic to the plea itself. State v. Boge, 252 N.W.2d 411, 413 (Iowa 1977), and authorities there cited. We have applied this principle to objections and defenses based on trial delays. State v. McGee, 211 N.W.2d 267, 268 (Iowa 1973), and authorities there cited. Defendant waived his first two assignments of error when he pled guilty.

II. As mentioned, there was a plea bargain pursuant to Iowa R.Crim.P. 9. In return for defendant's plea the State agreed: (1) the State would not file additional charges concerning delivery; (2) the sentencing would be pursuant to a statutory amendment (ch. 1036, § 32, 68th G.A. (1980), codified in § 907.3, The Code 1981) effective January 1, 1981 (which allowed the judge to suspend sentence); and (3) the sentencing judge would be Dennis D. Dams-

gaard, who presided when defendant entered his plea.

Notwithstanding the agreement Judge Peter Van Metre rather than Judge Damsgaard presided when sentence was pronounced. Defendant did not object to the substitution. In fact defendant freely concedes on oral argument that a conscientious decision was made to go ahead with Judge Van Metre. He concedes that Judge Van Metre undoubtedly would have stepped aside had the plea agreement mentioning Judge Damsgaard been pointed out to him.

■ Defendant later moved for reconsideration of sentence. The motion was grounded on a presentence investigation recommendation and the defendant's criminal history. It made no reference to the substitution of Judge Van Metre for Judge Damsgaard. Matters not raised in the trial court or in a post-trial motion will not be considered for the first time on appeal. *State v. Jump*, 269 N.W.2d 417, 430 (Iowa 1978). The assignment was waived.

■ III. Defendant separately assigns as error the trial court's indeterminate ten year sentence and the refusal to reconsider it. The sentence handed down was within the statutory limits. *See* § 902.9, The Code. It is to be upheld in the absence of an abuse of discretion. *State v. Killpack*, 276 N.W.2d 368, 373 (Iowa 1979). There was no abuse here. The trial court's refusal to reconsider the sentence is not appealable to this court. § 902.4, The Code 1981; *State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980).

■ Neither do we find error on defendant's claim that the sentence should be set aside by reason of prosecutorial misconduct. During the sentencing proceeding defense counsel objected to remarks of the prosecutor but made no mention of the offending remarks in the motion to reconsider sentence. To prevail on this assignment the defendant would have to show the misconduct and also that he was prejudiced by it.

*State v. Love*, 302 N.W.2d 115, 119 (Iowa 1981). Trial court rulings on the question will be upheld in the absence of an abuse of discretion. *Id.* We find no misconduct and no error.

■ IV. Finally defendant argues there is an internal inconsistency between Code sections 901.5 and 204.413. Under section 901.5 a criminal sentence can be deferred or suspended. On the other hand section 204.-413 requires controlled substance violators such as defendant to serve at least one-third of their maximum indeterminate sentence (in defendant's case one-third of ten years). Defendant argues he was not fully informed of this at the time he entered his plea.

Section 204.413 is not a sentencing provision. It merely provides a limitation on eligibility for parole. Parole, as defined by section 906.1, is the release of a person already committed to custody. Where possible two provisions should be reconciled and read together. Sutherland, Statutory Construction, § 51.02 (4th ed. C. Sands 1973); *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979).

Under section 901.5 the trial court could in its discretion defer or suspend sentence. Under the same section the sentencing court could of course commit the guilty person for a period of incarceration. When incarceration was ordered defendant became subject to the provisions of section 204.413 and must serve one-third of the maximum indeterminate sentence. The two statutes are easily reconciled and defendant's contention to the contrary is without merit.

AFFIRMED.