STATE of Iowa, Appellee,

v.

Robert FARLEY, Appellant.

No. 83–1599.

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and William E. Davis, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

Defendant Robert J. Farley pleaded guilty to a charge of delivery on December 9, 1982 of a schedule II controlled substance (cocaine), a class "C" felony. Iowa Code § 204.401(1)(a) (1981). The trial court sentenced defendant to a term not to exceed ten years, suspending the sentence and placing defendant on probation. In refusing defendant's request for a deferred judgment, which the State did not resist, the sentencing court stated that it would have granted a deferred judgment if it had had the power to do so, based on the circumstances disclosed in the presentence investigation report. The court ruled, however, that under Iowa Code sections 204.-409 and 907.3 (1981) a deferred judgment was not a sentencing option for the offense of delivery of cocaine. We disagree, concluding that those sections did give the sentencing court the discretion to grant a deferred judgment for this offense. Because defendant was entitled to have the sentencing court exercise discretion on whether or not to enter a deferred judgment for this offense, we vacate the sentence and remand for resentencing.

Recent legislative history sheds important light on the meaning and relationship of the two code sections cited by the sentencing court—section 907.3 which identifies the offenses for which deferred judgments and deferred and suspended sentences are authorized, and section 204.409 which provides special terms of probation when judgment is deferred in a narrow range of marijuana-related offenses. Prior to January 1, 1981, Iowa Code section 907.3 (1979) explicitly prohibited the use of deferred judgments, deferred sentences, or suspended sentences in cases involving a forcible felony and in cases involving the commission of most offenses involving controlled substances. For the few marijuana-related offenses excluded from that prohibition, section 204.409 provided special conditions not generally applicable to entry of deferred judgments. Because the offense of delivery of cocaine to which defendant pleaded guilty was not one of those marijuana-related offenses a deferred judgment would not have been a sentencing option available for him prior to January 1, 1981.

In 1980, however, the Iowa legislature deleted from section 907.3 the language which prohibited use of deferred judgments and deferred and suspended sentences in controlled substance cases. 1980 Iowa Acts ch. 1036 § 32 (providing for an effective date of January 1, 1981.) This amendment was part of a broad revision of laws relating to the dispensing of drugs as well as "the criminal offense of delivery of certain controlled substances and the penalties therefor." *Id.* at 227. We find in this amendment a clear legislative intent to make the option of a deferred judgment or sentence available to the sentencing court in cases like this involving the offense of delivery of cocaine.

■ The trial court treated Iowa Code section 204.409 as a special statute governing the subject of deferred judgments in all controlled-substance cases. It is believed that such a special statute must prevail over section 907.3 which more generally describes those criminal offenses for which deferred judgments and deferred and suspended sentences may be entered. A special statute, however, prevails over a general provision only if the two cannot be reconciled. Iowa Code § 4.7 (1981); *State v. Morehouse,* 316 N.W.2d 884, 886 (Iowa 1982). We find that these two statutes can be reconciled. Section 204.409 does not by its terms prohibit deferred judgments in cases involving delivery of cocaine, but instead it provides special conditions of probation in the small category of deferred judgment cases to which it applies. With

respect to the use of deferred judgments, deferred sentences and suspended sentences for the offense of delivery of cocaine, section 204.409 has no application whatsoever and section 907.3 is now clearly permissive. *See State v. Morehouse*, 316 N.W.2d at 886 (dictum) (in sentencing defendant for delivery of cocaine the trial court could defer or suspend sentence).

■ The sentencing court erred in deciding that it did not have the authority and therefore did not have the discretion to enter a deferred judgment. The sentence is therefore vacated. On remand the sentencing court shall exercise the requisite discretion to consider all authorized sentencing options before deciding what should be the appropriate disposition of this case. In reversing and remanding for resentencing we express no view as to what that disposition should be.

SENTENCE VACATED; REVERSED AND REMANDED FOR RESENTENCING.