**IN THE COURT OF APPEALS OF IOWA**

No. 4-051 / 13-0829
Filed March 12, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MATTHEW MACTAGGART,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

A defendant appeals from a judgment of guilty and sentence imposed after he pled guilty to a charge of second-degree theft.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, W. Wayne Saur, County Attorney, and J.D. Villont, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Matthew MacTaggart appeals from a judgment of guilty and sentence imposed after his plea of guilty to a charge of second-degree theft, a class "D" felony.

## I. Background Facts and Circumstances

MacTaggart was charged with first-degree theft but signed a written plea of guilty to the amended charge of second-degree theft pursuant to a plea agreement. The minutes of testimony allege that MacTaggart did unlawfully take possession or control of a racecar engine and other engine parts with the intent to deprive the owner thereof, and further alleged the property to have a value exceeding $10,000. As a result of a search pursuant to a warrant, the racecar engine and other items, including car parts and tools, were discovered at the Arthur Loyd residence. The minutes of evidence attached to the trial information included the statement of the racecar engine owner that it alone had a value in excess of $20,000. The minutes also contain a statement from Loyd that MacTaggart had given him the racecar engine as payment on a debt that MacTaggart owed him. In the written plea, MacTaggart acknowledged that the property taken exceeded $1000 in value and that the minutes of testimony were substantially correct.

When the plea was entered, the court initially noted that it had been handed a written plea signed by MacTaggart. The court conducted a lengthy plea colloquy, in which the court advised MacTaggart of the elements of second-degree theft. The court asked MacTaggart if he understood, and MacTaggart responded that he did.

The court then had MacTaggart look at the minutes of testimony. MacTaggart acknowledged that they were for the most part true, but then indicated that he only helped Loyd load the tools when they were taken, and further that he was not involved in taking all of the items listed. He acknowledged that he knew Loyd did not have the authority to take the items and later admitted that he knew Loyd did not intend to return them to the owner. After the plea was entered, immediate sentencing was pronounced pursuant to MacTaggart's request.

MacTaggart appeals contending that the factual basis of the value of the property involved in the theft was never established to be between $1000 and $10,000 as required to constitute second-degree theft. He further contends that he received ineffective assistance of counsel because his counsel did not note the deficiency and failed to file a motion in arrest of judgment.

## II. Preservation of Error

No motion for arrest of judgment was filed as required by Iowa Rule of Criminal Procedure 2.24(3)(a), but when a defendant alleges ineffective assistance of counsel for permitting a plea where there is no factual basis, an exception exists to the requirement that a motion in arrest of judgment be filed. *State v. Allen*, 708 N.W.2d 361, 365 (Iowa 2006).

## III. Scope of Review

Ineffective-assistance-of-counsel claims are reviewed de novo, and when the record is adequate, they may be reviewed on direct appeal. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). In this case we, find the record sufficient.

**IV. Discussion**

Rule 2.8(2)(b) of the Iowa Rules of Criminal Procedure provides that the court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Pursuant to the rule cited, it is initially incumbent on the trial court before accepting a plea to determine that a factual basis exists, and if counsel allows a defendant to enter a plea of guilty when there is no factual basis of record, it is considered ineffective assistance of counsel. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). An ineffective-assistance-of-counsel claim requires a claimant to show both failure to perform an essential duty and prejudice. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). When a defendant is permitted to plead guilty to a charge where no factual basis exists and fails to file a motion in arrest of judgment, counsel has failed to perform an essential duty. *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

In determining whether counsel has provided ineffective assistance of counsel by permitting his client to enter a plea of guilty when no factual basis exists, it is appropriate to look at the entire record, including the minutes of testimony, rather than being restricted to the in-court colloquy. *Finney*, 834 N.W.2d at 62. Focusing on the racecar engine only, the minutes of testimony reflect it had been stolen, that it was worth more than $20,000, and it had been delivered by MacTaggart to Loyd in payment of a debt. In establishing that there was a factual basis for acceptance of a plea of guilty, the court must determine that the facts support the crime—not necessarily that the defendant is guilty. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

MacTaggart contends that because he advised the court in the colloquy that he had not been involved in the theft of all of the property recovered from the Loyd property, he in effect did not admit that the $1000 minimum requirement to constitute theft in the second degree had been met. He therefore concludes that the factual basis for the crime has not been satisfied.

A plea of guilty waives all objections that are not intrinsic to the plea itself. *State v. Moorehouse*, 316 N.W.2d 884, 885 (Iowa 1982) *overruled on other grounds by State v. Kress*, 636 N.W.2d 12 (Iowa 2001). As previously stated the purpose of establishing a factual basis to a guilty plea is for the court to be satisfied that facts support the crime for which the plea of guilty has been entered. It is not for the purpose of wringing a confession from the defendant. *State v. Hanson*, 221 N.W.2d 274, 276 (Iowa 1974).

MacTaggart's reluctance to admit that he was involved in the theft of all the property seized from the Loyd residence has no effect on the existence of the factual basis for the criminal charge to which the plea was entered.

## V. Conclusion

Because we find the record disclosed a factual basis for the plea entered, MacTaggart's conviction and sentence is affirmed.

**AFFIRMED.**