# IN THE COURT OF APPEALS OF IOWA

No. 18-0513
Filed February 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER DENNIS GODDARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson (motions to continue and to waive right to speedy trial), Judge, and Phillip J. Tabor (motion to set aside guilty plea), District Associate Judge.

The defendant challenges the district court's denial of his motions to continue trial, waive his right to speedy trial, and set aside his guilty plea. **AFFIRMED.**

John A. Singer and JohnPatrick Brown of Winstein, Kavensky & Cunningham, LLC, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Christopher Goddard appeals the district court's denial of his pre-plea motions to continue trial and waive his right to speedy trial, and the denial of his post-sentencing motion to set aside his guilty plea.

Goddard's guilty plea waives his right to challenge the court's rulings on his pre-plea motions to continue trial and waive his right to speedy trial. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well-established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."); *State v. Morehouse*, 316 N.W.2d 884, 885 (Iowa 1982) (agreeing "the defendant's plea waived all defenses and the right to contest all adverse pretrial rulings"), *overruled on other grounds by State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001); *State v. Maxfield*, No. 17-1185, 2018 WL 5292089, at *1 (Iowa Ct. App. Oct. 24, 2018) (finding the defendant waived his right to challenge the district court's failure to rule on his renewed motion to continue trial when he pled guilty); *State v. Putnam*, No. 15-1222, 2016 WL 3309062, at *3 (Iowa Ct. App. June 15, 2016) (recognizing the defendant's "speedy-trial claim is waived because he pled guilty").

In response to the State's argument his guilty plea waived his right to challenge the pre-plea rulings, Goddard asserts in his reply brief that his plea was not knowing and voluntary and was therefore invalid. There is "[o]ne exception to this rule [that] involves irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). This exception applies to "claims of ineffective assistance of counsel predicated on the failure of counsel to perform certain pre-plea tasks that ultimately render the plea involuntary or unknowing." *Id.* But Goddard does not

challenge the court's pre-plea rulings under the ineffective-assistance framework. Thus, we do not consider these claims further.

Next, Goddard asserts the district court should have granted his motion to set aside his guilty plea—filed more than two weeks after he was sentenced. He claims his plea was not knowing and voluntary because he was unaware the terms of his plea agreement allowed the court to sentence him to jail time. This argument is not preserved for our review, as Goddard failed to file a motion in arrest of judgment. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (providing the defendant's "failure to move in arrest of judgment bars a direct appeal of his conviction" when the court properly informed the defendant of the need to file the motion in order to challenge the guilty plea). In fact, Goddard filed a written waiver of his right to file a motion in arrest of judgment at the same time he filed his written guilty plea. Such waivers are permitted.[1] *See Barnes*, 652 N.W.2d at 468 ("[D]efendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar the [Iowa Rule of Criminal Procedure] 2.24(3)(a) imposes to challenging a guilty plea on appeal.").

Because Goddard's guilty plea waived his right to challenge the court's adverse pre-plea rulings and because his claim that his plea was not knowing and voluntary is not preserved for our review, we affirm.

**AFFIRMED**

---

[1] Goddard may raise this claim under the ineffective-assistance framework in a possible later postconviction-relief proceeding. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002).