# IN THE COURT OF APPEALS OF IOWA

No. 24-0234
Filed August 6, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VICTOR EMANUEL HASVOLD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Winneshiek County,
Richard D. Stochl, Judge.


        A defendant appeals, challenging the denial of his motion for new trial.
**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, for appellee.


        Considered without oral argument by Greer, P.J., and Schumacher and
Ahlers, JJ.

**SCHUMACHER, Judge.**

This case comes to us for a second time on appeal following Victor Hasvold's conviction and sentence for indecent exposure. Hasvold argues the trial court erred in denying his motion for new trial under the weight-of-the-evidence standard. He raises three grounds to support his challenge. First, he alleges the district court failed to provide him notice and an opportunity to be heard before denying his motion. Second, he contends the district court abused its discretion by failing to provide adequate reasons for the denial. Third, he claims the jury's verdict was contrary to the weight of the evidence. Upon review, we affirm.

## I.      Background Facts & Proceedings

We set forth the factual background in Hasvold's first appeal, which we adopt in large part here:

> From the evidence presented at trial, a rational jury could find these facts. In September 2021, two college students, C.G. and M.H., were shopping for home goods and clothing at a local store. They entered the fitting room area to try on clothes and were approached by Hasvold. Hasvold asked if he could get their opinion on the leggings he was wearing, and they obliged.
>
> Hasvold performed yoga moves for them, and he commented that he was concerned the pants might slip down because his buttocks were so big. C.G. suggested he pull up the pants more. As Hasvold was adjusting the fabric of the leggings, he stuck his hand in his pants and started handling his genitals. C.G. and M.H. were alarmed, and they quickly went back to the area of their own fitting room. Hasvold pursued them, telling them he had more clothes he wanted to show them. He badgered them, and fearing that refusal would escalate the situation, C.G. and M.H. complied with Hasvold's requests.
>
> C.G. and M.H. stood just outside the fitting room while Hasvold looked at himself in the mirror. The door to his fitting room remained open. Hasvold pulled down his leggings, exposed his genitals in the mirror, and turned to face C.G. and M.H. Hasvold stated, "Well, it's not like you haven't seen a penis before," and he kept speaking, making comments about the size of his penis and swaying back and forth. C.G. and M.H. were shocked and

frightened. Hasvold then put on a small pair of mesh shorts which left his penis exposed. He continued to speak to C.G. and M.H. about the size of his penis. C.G. and M.H. again retreated and locked themselves in a fitting room. Hasvold repeatedly knocked on their door and the wall of the fitting room and told them he had more clothes to show them. M.H. started to have an anxiety attack. They did not want Hasvold to hear their voices inside the fitting room, so they did not call the police. But C.G. and M.H. texted friends, asking them to contact the store. Eventually an employee came back to the fitting room area, but by that point Hasvold was gone.

Both C.G. and M.H. reviewed the store's security footage and pointed out the man who had been harassing them. This footage was presented to Officer Adam Ytzen, who responded to the store and interviewed C.G. and M.H. Officer Ytzen took a screenshot of the footage and sent it to the assistant police chief who identified the man as Hasvold.

Hasvold was later arrested and charged with indecent exposure in violation of Iowa Code section 709.9(1) (2021). The matter proceeded to a jury trial. . . . The jury returned a guilty verdict on the indecent exposure charge. Hasvold filed a post-trial motion requesting a new trial, arguing the district court erred in its supplemental jury instructions, the evidence was insufficient to support the verdict, and the verdict was contrary to the weight of the evidence.

*State v. Hasvold*, No. 22-1268, 2023 WL 7391667, at *1–2 (Iowa Ct. App. Nov. 8, 2023).

Following sentencing, Hasvold appealed. *Id.* Among other things, he argued the district court applied the wrong standard in ruling on his motion for new trial. *Id.* at *4. We agreed and "remand[ed] for application of the proper standard for Hasvold's motion for a new trial." *Id.* We also determined resentencing would be required if the district court denied the motion for new trial. *Id.* at *5.

On remand, the district court issued a new written order denying the motion for new trial, filed a little over two weeks after procedendo issued and without further argument from either party. The ruling stated in whole, "The court has renewed its review of the defendant's motion for new trial/motion in arrest of

judgment and applies the 'weight of the evidence' standard. The court finds the greater weight of the evidence presented at trial supports the jur[y's] verdict. The motion for new trial is denied." The district court reset a sentencing hearing; Hasvold was present. The district court resentenced Hasvold to a ninety-day term of incarceration with credit for time already served. Hasvold appeals.

## II.      Standard of Review

When a defendant asserts the district court misapplied the rules of criminal procedure, we review for legal error. *See State v. Hurlbut*, 970 N.W.2d 259, 264 (Iowa 2022). "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

## III.     Analysis

## A.      Notice and Opportunity to be Heard

Iowa Rule of Criminal Procedure 2.24(2)(b) provides, "The court, after giving the parties notice and an opportunity to be heard, may grant a new trial on any of the . . . grounds" set forth therein. Citing rule 2.24(2)(b), Hasvold argues the denial of his motion was unreasonable because he alleges he was not given notice and an opportunity to be heard.[1] He reasons that he was not assigned new counsel or provided a hearing on the motion before the ruling issued on remand.

Rule 2.24(2)(b) requires the court to provide "the parties notice and an opportunity to be heard" before granting a new trial, but it does not mention what—

---

[1] The State disputes Hasvold preserved error on this argument. Here we assume without deciding that [Hasvold] preserved error." *Ostergren v. Iowa Dist. Ct.*, 863 N.W.2d 294, 297 (Iowa 2015).

if anything—is required before denying such a motion. The State argues rule 2.24(2)(b) does not require the court to notify a defendant after a motion for new trial is filed. It asserts such a requirement would be superfluous as "[o]nly a defendant can file a motion for a new trial." *See* Iowa R. Crim. P. 2.24(2); *cf.* Iowa Const. art. I, § 12 ("No person shall after acquittal, be tried for the same offence."). The State continues, the defendant has de facto notice of the motion for new trial when the defendant makes such a filing. As for an "opportunity to be heard at a meaningful time and in a meaningful manner," we have previously observed "[a] written motion may satisfy the requirement." *See State v. Schneider*, No. 14-1113, 2015 WL 2394127, at *10 (Iowa Ct. App. May 20, 2015) (citation modified) (emphasis omitted).

Hasvold filed his motion for new trial in May 2022 while represented by counsel. The district court held a hearing on the motion, at which both parties presented their arguments. The district court denied the motion, and the first appeal ensued. Following procedendo, the district court again denied the motion for new trial and set a new sentencing hearing, at which Hasvold was present.

Hasvold made arguments in person, through counsel, before the district court denied his motion for new trial prior to his first appeal. He does not provide any legal authority to support his implied argument that the appeal and remand required another opportunity to be heard. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We find no legal error in the district court proceedings and affirm on this issue.

**B.** **Sufficiency of the District Court's Reasoning**

Hasvold contends the district court failed to adequately justify its denial of his motion and thereby committed an abuse of discretion.  The State disputes error preservation.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  These rules generally apply equally to claims of procedural error in criminal matters.  *See, e.g.*, *State v. Morehouse*, 316 N.W.2d 884, 886 (Iowa 1982), *overruled on other grounds by State v. Kress*, 636 N.W.2d 12 (Iowa 2001).  "[I]f [a defendant] claims as error on appeal that the district court failed to make sufficiently specific findings and conclusions, then the appellant must file a rule 1.904(2) motion to preserve that point."  *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012).

But appellate courts "are allowed to review the record to determine whether a proper basis exists to affirm the district court's denial of [a defendant's] motion for new trial" even if the ruling is devoid of reasoning.  *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008).  Having reviewed the record before us, "we believe we can review the district court's ruling on [Hasvold's] motion for new trial."  *Id.* at 192.  And despite Hasvold's urging, we are not in a position to overrule *Maxwell*.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).  So, we reject Hasvold's challenge on this ground.

## C.     Weight of the Evidence

In the alternative to his reasoning challenge above, Hasvold claims the jury verdict was contrary to the weight of the evidence and thus the district court abused its discretion by denying his motion.

"A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Ary*, 877 N.W.2d at 706 (quoting *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006)).  In other words, "[t]he question for the court is . . . whether 'a greater amount of credible evidence' suggests the verdict rendered was a miscarriage of justice."  *Id.* (quoting *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998)).  Appellate courts review the entire record "to determine whether a proper basis exists to affirm the district court's denial of [the defendant's] motion for new trial." *Maxwell*, 743 N.W.2d at 193.

The evidence supporting the verdict that Hasvold was the person who exposed himself to C.G. and M.H. includes C.G.'s and M.H.'s identification of Hasvold as the offender and store surveillance footage placing Hasvold in the store around the time of the incident.

The thrust of Hasvold's argument is his contention that the timestamp on the surveillance footage was inaccurate.  At Hasvold's hearing on his motion for new trial and sentencing, testimony established the timestamp was off by "a little more than an hour."  This testimony was not submitted at trial for the jury's consideration, although the surveillance footage was submitted.  While the footage time stamp indicated Hasvold was at the checkout counter shortly after 2:00 p.m., the actual time was after 3:00 p.m.  The offense occurred sometime around

4:00 p.m. Thus, the adjustment placed Hasvold in the store closer to the time of the offense than what the footage showed on its face—what the jury saw and considered. So, we disagree with Hasvold that this time-stamp discrepancy presents a "situation[] in which there is reason to believe that critical evidence has been ignored in the fact-finding process." *State v. Grant*, 722 N.W.2d 645, 649 (Iowa 2006). If anything, the time adjustment further supports the jury's guilty verdict.

Additionally, contrary to Hasvold's argument, the footage does not support an inference that Hasvold left the store after purchasing an item at the checkout counter. Rather, Hasvold walked with his purchase back into the clothing section of the store and out of the camera's view. No evidence presented showed Hasvold exit the store. C.G. and M.H. arrived at the store sometime around 3:30 or 3:45 p.m. At 4:04 p.m., M.H. sent a text message to a friend asking for help because "[t]his man is creeping on us and we're trapped in the changing room." Given the evidence presented, including the surveillance footage and the adjusted time stamp, the greater weight of the evidence supports a finding that Hasvold reentered the clothing section of the store and stayed there until he followed C.G. and M.H. into the fitting rooms shortly thereafter.

Hasvold advances multiple other arguments challenging the credibility of eyewitness testimony and suggesting the eyewitness testimony conflicted with the surveillance footage. For the above reasons, we reject that the footage conflicts with the eyewitness testimony. As for credibility, the defense's only witness admitted she was not with Hasvold at the store when the incident occurred. Hasvold presented no evidence to contradict C.G.'s and M.H.'s testimony that

Hasvold was the offender. To the extent Hasvold argues it was an abuse of discretion for the district court to find the eyewitness testimony credible, we disagree.

Hasvold also claims the verdict is undermined because the State did not present any other witnesses placing Hasvold in the store at the time of the incident or confirming they heard the disturbance in the fitting room. But these arguments do not point us to any evidence that preponderates heavily against the verdict and that supports Hasvold's weight-of-the-evidence challenge. In any event, these arguments better support a sufficiency-of-the-evidence challenge. *See Ary*, 877 N.W.2d at 706 (distinguishing sufficiency-of-the-evidence and weight-of-the-evidence challenges).

On our review of the record, we determine that the verdict was not contrary to the weight of the evidence. Accordingly, the district court did not abuse its discretion in denying Hasvold's motion for new trial.

**AFFIRMED.**

Greer, P.J., concurs; Ahlers, J., specially concurring.

**AHLERS, Judge** (specially concurring).

I think it's fair to say that when we remanded this case to the district court to apply the correct standard in ruling on Victor Hasvold's motion for new trial, getting a ruling in which the entire analysis is "[t]he court finds the greater weight of the evidence presented at trial supports the jur[y's] verdict" is not what we had in mind. This ruling tells us nothing as to how or why the evidence was weighed as it was by the court. Given the lack of analysis, it's not clear to me how we can meaningfully assess the ruling for an abuse of discretion. Unfortunately, *State v. Maxwell*, 743 N.W.2d 185 (Iowa 2008) directs us to do just that.

In *Maxwell*, the district court's ruling on a motion for new trial simply stated that the court denied the motion. 743 N.W.2d at 192. The supreme court noted that the district court "should state the reasons for its ruling" and acknowledged that the district court failed to do so. *Id.* Nevertheless, the supreme court went on to state that "under this record we believe we can review the district court's ruling on Maxwell's motion for new trial." *Id.* The supreme court then appeared to weigh the evidence itself when it stated "[o]ur review of the record indicates the greater weight of the evidence supports the jury's verdict" followed by its analysis of the evidence. *Id.* at 193–94. Of course, this goes against the principle enunciated in multiple cases—both before and after *Maxwell*—that the appellate court's role in this circumstance is not to weigh the evidence itself but to assess whether the district court abused its discretion when it weighed the evidence. *See, e.g., State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022); *State v. Heard*, 934 N.W.2d 433, 444–45 (Iowa 2019); *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

So, *Maxwell* appears to be an outlier. But it also has not been overruled. As such, we are obligated to follow it. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). And for this reason alone, I concur. But if it weren't for *Maxwell* and our obligation to follow it, I would find the district court's analysis inadequate to permit us to assess whether it abused its discretion in denying Hasvold's motion for new trial and would remand again for the district court to explain how it determined that the jury's verdict was not contrary to the greater weight of the evidence.

For these reasons and with these reservations, I specially concur.